UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SONIA URRIOLA,                                                          07-cv-10591 (RJH)(DFE)

                                    Plaintiff,

            -against-


GUIDANT    CORPORATION,    GUIDANT    SALES          **NOTICE OF MOTION**
CORPORATION, BOSTON SCIENTIFIC CORPORATION,          **TO STAY**
MICHAEL  LIOU,  M.D.,  BETH  ISRAEL  MEDICAL
CENTER  AND  BETH  ISRAEL  MEDICAL  CENTER
PHILIPS AMBULATORY CARE CENTER

                          Defendants,

------------------------------------------------------------X

            PLEASE TAKE NOTICE that upon the Memorandum in Support of its Motion to

Stay and the attached Certification and Exhibits, Defendants Guidant Corporation ("Guidant"),

Guidant Sales Corporation ("GSC") and Boston Scientific Corporation ("Boston

Scientific")(collectively the "Guidant Defendants") will move this Court, before the Honorable

Richard J. Holwell, at the United States Courthouse, 500 Pearl Street, New York, New York, at a

date and time to be determined, pursuant to Fed.R.Civ.P. 6(b) for an Order staying all

proceedings, including but not limited to, (i) the time period for the Guidant Defendants to

respond to Plaintiff's Complaint, (ii) a ruling on any jurisdictional issues such as those that may

be raised in any Motion to Remand, (iii) the period for initial disclosures pursuant to

Fed.R.Civ.P. 26, and (iv) any other discovery and pretrial deadlines, pending the Judicial Panel

on Multidistrict Litigation's decision regarding transfer of Plaintiff's claims to MDL 1708.

Dated:  December 3, 2007

Respectfully submitted,

By:  _Kimberly S. Penner_
     Kimberly S. Penner (KP 1763)
     kpenner@mccarter.com
     **McCARTER & ENGLISH, LLP**
     245 Park Avenue, 27th Floor
     New York, New York 10167-0001
     212-609-6800

     and

     **SHOOK, HARDY & BACON, L.L.P.**
     2555 Grand Boulevard
     Kansas City, Missouri 64108
     816-474-6550

     Attorneys for Defendants
     Guidant Corporation,
     Guidant Sales Corporation and
     Boston Scientific Corporation

ME1 6951029v.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

SONIA URRIOLA,

                    Plaintiff,

                                                               07-cv-10591 (RJH)(DFE)

      -against-

GUIDANT CORPORATION, GUIDANT SALES        **CERTIFICATION OF**
CORPORATION, BOSTON SCIENTIFIC CORPORATION,   **KIMBERLY S. PENNER,**
MICHAEL LIOU, M.D., BETH ISRAEL MEDICAL        **ESQ.**
CENTER AND BETH ISRAEL MEDICAL CENTER
PHILIPS AMBULATORY CARE CENTER,

                    Defendants.

-------------------------------------------------------------------------X

      I, KIMBERLY S. PENNER, certify as follows:

      1.      I am an attorney at law in the State of New York, duly admitted to practice before

the United States District Court for the Southern District of New York, and a partner with

McCarter & English, LLP, attorneys for defendant Guidant Corporation ("Guidant"), Guidant

Sales Corporation ("GSC"), and Boston Scientific Corporation ("Boston Scientific")

(collectively, "Guidant Defendants"). I am fully familiar with the facts herein.

      2.      I make this Certification in support of the Guidant Defendants' Motion to Stay.

      3.      Annexed hereto as Exhibit A is the November 7, 2005 Transfer Order of the

Judicial Panel on Multi-District Litigation ("JPLM") in the matter entitled *In Re Guidant Corp.*

*Implantable Defibrillator Products Liability Litigation,* MDL Docket No. 1708 (D. Minn).

      4.      Annexed hereto as Exhibit B is a true and accurate copy of a February 20, 2004

letter from Honorable Harold Hodges to United States District Court Judges in the matter entitled

*In Re Diet Drugs Products Liability Action,* MDL Docket No. 1203.

5.    Annexed hereto as Exhibit C is a true and accurate copy of the October 11, 2007 Order of Judge William E. Smith, United States District Judge for the District of Rhode Island in the matter entitled *D'Amico v. Guidant Sales Corporation, et al*, Civil Action No. 07-cv-301.

6.    Annexed hereto as Exhibit D is a true and accurate copy of the November 2, 2006 Order of United States District Judge W. B. Hand of the Southern District of Alabama, Southern Division in the matter entitled *Sims v. Guidant Sales Corporation, et al*, Civil Action No. 06-cv-0644.

7.    Annexed hereto as Exhibit E is a true and accurate copy of the August 30, 2007 Memorandum Opinion and Order of the United States District Judge Donovan W. Frank of the United States District Court for the District of Minnesota in the matter entitled *Brown v. Guidant Corporation, et al*, Civil Action No. 07-cv-1487.

8.    Annexed hereto as Exhibit F is a true and accurate copy of the June 4, 2007 Order of the United States District Judge Donovan W. Frank of the District of Minnesota in the matter entitled *Alexander v. Boston Scientific Corporation, et al*, Civil Action No. 07-cv-1129.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

*Kimberly S. Penner*
Kimberly S. Penner, Esq.

- 2 -

# EXHIBIT A

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 7 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1708*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of two actions in the District of Minnesota and one action each in the Central District of California, Southern District of Florida, Southern District of Indiana and Eastern District of New York as listed on the attached Schedule A.[1] Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of the six actions. Plaintiff in one District of Minnesota action and plaintiff in the Southern District of Indiana action both seek centralization in the district in which their respective actions are pending. Defendants Guidant Corp., Guidant Sales Corp., and Cardiac Pacemakers, Inc. (collectively Guidant) initially opposed the motions, but now agree that centralization is warranted; however, the defendants propose the Northern District of Illinois as transferee district. Plaintiffs in all actions before the Panel agree that centralization is appropriate, as do plaintiffs in numerous potential tag-along actions, but some responding plaintiffs suggest transferee districts other than those proposed by the movants and Guidant, including the Northern District of California, Southern District of Florida, Eastern District of New York, Northern District of Ohio, and Eastern District of Pennsylvania, among others.

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations that certain implantable defibrillator devices manufactured by Guidant were defective and caused injury, or the threat of injury, to the plaintiffs and putative class members. Plaintiffs in some potential tag-along actions also bring claims related to pacemakers manufactured by Guidant. All devices at issue in these actions have been the subject of

---

[1] The Panel has been notified of over 60 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

written warnings, medical advisories, recalls, or some combination thereof. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Given the varied locations of parties and witnesses in this docket and the geographic dispersal of pending actions, it is clear that a wide array of suitable transferee districts presents itself. In concluding that the District of Minnesota is an appropriate forum for this docket, we observe that this district, where at least ten actions are already pending before one judge, is a geographically central, metropolitan district equipped with the resources that this complex products liability litigation is likely to require. The District of Minnesota also has a nexus to this docket given the location there of key Guidant facilities involved in the development and manufacturing of the relevant devices.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

**SCHEDULE A**

<u>MDL-1708 -- In re Guidant Corp. Implantable Defibrillators Products Liability Litigation</u>

<u>Central District of California</u>

*Joseph Gabriele v. Guidant Corp.*, C.A. No. 5:05-487

<u>Southern District of Florida</u>

*Eugene Clasby v. Guidant Corp.*, C.A. No. 1:05-21485

<u>Southern District of Indiana</u>

*John Brennan v. Guidant Corp., et al.*, C.A. No. 1:05-827

<u>District of Minnesota</u>

*Edith Walker v. Guidant Corp.*, C.A. No. 0:05-1141
*Darci L. Munson v. Guidant Corp., et al.*, C.A. No. 0:05-1153

<u>Eastern District of New York</u>

*Larry Wenig, et al. v. Guidant Corp., et al.*, C.A. No. 2:05-2822

EXHIBIT B

02/27/04  FRI 11:28 FAX        ☒ 002

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

**DIRECT REPLY TO:**
Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

**RECEIVED**

**FEB 2 4 2004**

OFFICE OF
R. DAVID PROCTOR
U.S. DISTRICT JUDGE

February 20, 2004

TO INVOLVED JUDGES

Re: MDL-1203 — In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation

(See Attached Schedule of Actions)

Dear Judges:

Presently before the Panel pursuant to 28 U.S.C. § 1407 is a notice of opposition to the Panel's conditional transfer order in at least one action before you in the above-described docket. The parties will have an opportunity to fully brief the question of transfer and the matter will be considered at a bimonthly Panel hearing session. The purpose of this letter is to apprise you of the effect of the pendency of the actions before the Panel. Panel Rule 1.5, 199 F.R.D. 425, 427 (2001), provides:

The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

Thus your jurisdiction continues until any transfer ruling becomes effective. If you have a motion pending before you in the action — particularly a motion to remand to state court (if the action was removed to your court) — you are encouraged to rule on the motion unless you conclude that the motion raises issues likely to arise in other actions in the transferee court, should we order transfer, and would best be decided there.

Please feel free to contact our staff in Washington with any questions.

Kindest regards,

Wm. Terrell Hodges
Chairman

Attachment



**SCHEDULE OF ACTIONS (Excerpted from CTO-114)**
**DOCKET NO. 1203**
**IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/DEXFENFLURAMINE)**
**PRODUCTS LIABILITY LITIGATION**

<u>Middle District of Alabama</u>
*Brenda B. Bryant, et al. v. Wyeth, et al.*, C.A. No. 1:03-1166  (Judge W. Harold Albritton, III)
*Doris Daniel, et al. v. Wyeth, et al.*, C.A. No. 1:03-1168  (Judge W. Harold Albritton, III)
*Janet Benton, et al. v. Wyeth, et al.*, C.A. No. 1:03-1250  (Judge Mark E. Fuller)

<u>Northern District of Alabama</u>
*Rhonda P. Bradford, et al. v. Wyeth, et al.*, C.A. No. 4:03-3157  (Judge R. David Proctor)
*Martha M. Davis v. Wyeth, et al.*, C.A. No. 6:03-3167  (Judge Inge P. Johnson)
*Vonceil M. Marshand v. Wyeth, et al.*, C.A. No. 7:03-3195  (Judge E. Scott Coogler)

EXHIBIT C



Slip Copy                                                           Page 1

Slip Copy, 2007 WL 3003181 (D.R.I.), 154 Lab.Cas. P 17,844

(Cite as: 2007 WL 3003181 (D.R.I.))

United States District Court,
D. Rhode Island.
Robert D'AMICO, Sr., Plaintiff,
v.
GUIDANT SALES CORPORATION, Charles H.
Koo, M.D. and Rhode Island Cardiology
Center, LLC, Defendants.
C.A. No. 07-301 S.

Oct. 11, 2007.

Mark W. Dana, Law Office of Mark Dana, P.C.,
Providence, RI, for Plaintiff.

Brooks R. Magratten, Michael J. Daly, Vetter &
White, Incorporated, Michael G. Sarli, Gidley,
Sarli & Marusak, William F. White, White, Carlin
& Kelly, P.C., Providence, RI, for Defendants.

*ORDER*

WILLIAM E. SMITH, United States District Judge.

*1 Before this Court are Plaintiff Robert D'Amico,
Sr.'s ("Plaintiff") Motion to Remand this action to
the Rhode Island Superior Court and Defendant
Guidant Sales Corporation's ("Guidant") Motion to
Stay All Pretrial Proceedings Pending Transfer to
MDL 1708. For the reasons set forth below, and
upon consideration of both Motions, this Court will
grant Guidant's Motion, such that all proceedings
before this Court shall be stayed pending transfer to
the MDL Court, including, but not limited to, the
jurisdictional issues raised in Plaintiff's Motion to
Remand. Consequently, Plaintiff's Motion to
Remand is denied without prejudice.

This case is both a products liability and medical
malpractice action directed against the Defendants
Guidant, Dr. Charles Koo, and Rhode Island
Cardiology Center ("RICC"). [FN1] On April 20,
2006, Dr. Koo, Plaintiff's primary cardiac surgeon
and employee of RICC, performed surgery on
Plaintiff to replace his pacemaker. Plaintiff received

a Guidant Insignia I Ultra pacemaker, model #
1291, serial # 119210, allegedly despite his specific
insistence that he not be implanted with a Guidant
model. After Plaintiff's pacemaker was recalled
several months later, Dr. Koo performed surgery to
remove and replace it. Approximately one year
later, Plaintiff brought suit against Guidant,
asserting various products liability claims, and, in
the same Complaint, brought a malpractice claim
against Dr. Koo and RICC.

> FN1. For purposes of this Order only, the
> Court assumes true the factual allegations
> set forth in the Complaint.

As represented by Guidant, the FDA in 2005
recalled certain pacemakers manufactured by
Cardiac Pacemakers, Inc., a wholly owned
subsidiary of Guidant. Following recall, Plaintiffs
have flocked to the courts in great numbers alleging
injuries resulting from the implantation of Guidant
devices. As a result of the thousands of cases filed
against Guidant, the JPML created an MDL Court
intended to "serve the convenience of the parties
and witnesses and promote the just and efficient
conduct of this litigation," by centralizing the
actions "for coordinated or consolidated pretrial
proceedings." *In re Guidant Corp. Implantable
Defibrillators Prods. Liab. Litig.,* MDL No.
05-1708 (D.Minn. Nov. 7, 2005) (Transfer Order);
*see also In re Guidant Corp. Implantable
Defibrillators Prods. Liab. Litig.,* MDL No.
05-1708 (D.Minn. Sept. 26, 2007) (Conditional
Transfer Order). The JPML considered
centralization in this matter necessary "in order to
eliminate duplicative discovery; prevent
inconsistent pretrial rulings ... and conserve the
resources of the parties, their counsel and the
judiciary." *Id.* Taking a variety of factors into
consideration, the JPML concluded that the District
of Minnesota is the most appropriate forum for the
docket.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Slip Copy                                                                                    Page 2

Slip Copy, 2007 WL 3003181 (D.R.I.), 154 Lab.Cas. P 17,844

**(Cite as: 2007 WL 3003181 (D.R.I.))**

Although Plaintiff brought his claims in the Rhode Island Superior Court, and included as Defendants two non-diverse parties--namely Rhode Island citizens Koo and RICC, Guidant removed the matter to this Court alleging improper joinder and seeking severance of the medical malpractice claims against Koo and RIIC from the products liability claims asserted against it. Nearly immediately after removing, Guidant filed the instant Motion to Stay. Plaintiff objects to the stay and seeks remand, asserting that this Court lacks jurisdiction to address allegations of misjoinder.

**\*2** This Court's authority to stay proceedings "is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " *Azar v. Merck & Co.,* No. 3:06-cv-0579 AS, 2006 WL 3086943 at \*1 (N.D.Ind. Oct. 27, 2006) (quoting *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936)). In the context of MDL litigation in particular, "[t]he decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within this Court's discretion," *New Mexico State Investment Council v. Alexander,* 317 B.R. 440, 443 (D.N.M.2004) (citing *Landis,* 299 U.S. at 254-55).

When faced with both a motion to stay and a motion to remand, most often "deference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." *Id.* at 443; *see also Hardin v. Merck & Co.,* No. C 07-0070 SBA, 2007 WL 1056790 at \*2 (N.D. Cal. April 5, 2007); *Baeza v. Tibbetts,* No. 06-0407 MV/WPL, 2006 WL 2863486 at \*2 (D.N.M. July 7, 2006). It is considered a general rule by some courts that federal courts should "defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL panel." *Alexander,* 317 B.R. at 443 (internal quotation marks and citation omitted). This rule is particularly applicable to justify a stay where "a jurisdictional issue of a motion to remand is similar or identical to those in cases transferred or likely to be transferred

to the MDL transferee court." *Hardin,* 2007 WL 1056790 at \*2; *see also Alexander,* 317 B.R. at 443.

Guidant has provided to this Court ample evidence that the issues raised in Plaintiff's Motion to Remand are not unique to D'Amico. Rather, Guidant has provided examples of other district courts in this and other MDL matters that have declined to address similar jurisdictional issues and have instead granted stay pending transfer to the MDL court. This Court views such evidence as both precedential and informative, indicating that the issue is likely to arise in future actions. For these reasons, this Court will defer to the guiding principles behind this MDL--namely consistency and judicial efficiency-and to grant Guidant's motion to stay pending transfer to MDL 1708. Plaintiff's Motion to Remand is denied without prejudice.

It is so ordered.

Slip Copy, 2007 WL 3003181 (D.R.I.), 154 Lab.Cas. P 17,844

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

CLOSED, STAYED, TRANSF

## U.S. District Court
### Eastern District of Missouri (LIVE) (St. Louis)
### CIVIL DOCKET FOR CASE #: 4:06-cv-01289-HEA

Alexander v. Boston Scientific Corporation et al
Assigned to: Honorable Henry E. Autrey
Cause: 28:1332 Diversity-Product Liability

Date Filed: 08/25/2006
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**Donald Alexander**

represented by **Donald Alexander**
31057 Oak Ridge Drive
Rocky Mount, MO 65072
573-964-0389
PRO SE

V.

**Defendant**

**Boston Scientific Corporation**

represented by **Julie R. Somora**
SHOOK AND HARDY, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
816-474-6550
Fax: 816-421-5547
Email: jsomora@shb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Guidant Subsidiary of Boston Scientific
Corporation**

represented by **Julie R. Somora**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**St. Anthony's Medical Center**

represented by **V. Scott Williams**
HAZELWOOD AND WEBER, LLC
200 N. Third Street
St. Charles, MO 63301-2890
636-947-4700
Fax: 636-947-1743
Email: swilliams@hazelwoodweber.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/25/2006 | 1 | NOTICE OF REMOVAL from St. Louis County Circuit Court, case number 06CC-2811. Filing fee $ 350.00 with receipt number S2006-10522. Jury Demand filed by Boston Scientific Corporation and Guidant Subsidiary of Boston Scientific Corporation. (Attachments: #(1) Civil Cover Sheet #(2) Original Filing Form #(3) Exhibit A #(4) Exhibit B #(5) Exhibit C #(6) Exhibit D #(7) Exhibit E #(8) Exhibit F)(KLK) (Entered: 08/28/2006) |
| 08/25/2006 | 2 | DISCLOSURE OF CORPORATION INTERESTS CERTIFICATE by Defendants Boston Scientific Corporation and Guidant Subsidiary of Boston Scientific Corporation. (KLK) (Entered: 08/28/2006) |
| 08/25/2006 | 3 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendants Boston Scientific Corporation and Guidant Subsidiary of Boston Scientific Corporation. Sent To: Pltff & Deft (St. Anthony's Medical Center). (KLK) (Entered: 08/28/2006) |
| 08/28/2006 | | Receipt # S2006-010522 in the amount of $350.00 for CIVIL FILING FEE, CIVIL FILING FEE-PART 2, CIVIL FILING FEE-PART 3 on behalf of SHOOK, HARDY AND BACON. (CSW,) (Entered: 08/28/2006) |
| 08/29/2006 | 4 | SUPPLEMENTAL re 1 Notice of Removal Petition, *Supplemental Exhibit F1 containing State Court Case File* by Defendants Boston Scientific Corporation, Guidant Subsidiary of Boston Scientific Corporation. (Somora, Julie) (Entered: 08/29/2006) |
| 08/29/2006 | 5 | SUPPLEMENTAL re 1 Notice of Removal Petition, *Supplemental Exhibit F2 containing State Court Case File* by Defendants Boston Scientific Corporation, Guidant Subsidiary of Boston Scientific Corporation. (Somora, Julie) (Entered: 08/29/2006) |
| 08/30/2006 | 6 | ENTRY of Appearance by V. Scott Williams for Defendant St. Anthony's Medical Center. (Williams, V.) (Entered: 08/30/2006) |
| 08/30/2006 | 7 | MOTION to Dismiss :Defendant St. Anthony's Medical Center by Defendant St. Anthony's Medical Center. (Attachments: # 1 Exhibit A)(Williams, V.) (Entered: 08/30/2006) |
| 08/30/2006 | 8 | MEMORANDUM in Support of Motion re 7 MOTION to Dismiss :Defendant St. Anthony's Medical Center filed by Defendant St. Anthony's Medical Center. (Williams, V.) (Entered: 08/30/2006) |
| 08/31/2006 | 9 | MOTION to Stay *Pending MDL Transfer* by Defendants Boston Scientific Corporation, Guidant Subsidiary of Boston Scientific Corporation. (Attachments: # 1 Exhibit A)(Somora, Julie) (Entered: 08/31/2006) |
| 08/31/2006 | 10 | MEMORANDUM in Support of Motion re 9 MOTION to Stay *Pending MDL Transfer* filed by Defendants Boston Scientific Corporation, Guidant Subsidiary of Boston Scientific Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit F# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H) (Somora, Julie) (Entered: 08/31/2006) |
| 09/01/2006 | 11 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendants Boston Scientific Corporation, Guidant Subsidiary of Boston Scientific Corporation Sent To: Circuit Clerk of St. Louis County Executed by State Court Clerk (Somora, Julie) (Entered: 09/01/2006) |

| | | |
|---|---|---|
| 09/05/2006 | 12 | OBJECTIONS re 5 Supplemental, 4 Supplemental, 1 Notice of Removal Petition, by Plaintiff Donald Alexander. (MJM, ) (Entered: 09/06/2006) |
| 09/06/2006 | 13 | RESPONSE and OBJECTION re 9 MOTION to Stay *Pending MDL Transfer* filed by Plaintiff Donald Alexander. (MJM, ) (Entered: 09/06/2006) |
| 09/06/2006 | 14 | ANSWER AND OBJECTIONS re 7 MOTION to Dismiss :Defendant St. Anthony's Medical Center filed by Plaintiff Donald Alexander. (MJM, ) (Entered: 09/06/2006) |
| 09/06/2006 | 15 | AMENDED PETITION against defendant Boston Scientific Corporation, Guidant Subsidiary of Boston Scientific Corporation, St. Anthony's Medical Center Amendment to 1 Notice of Removal Petition, Jury demand, , filed by Donald Alexander. Related document: 1 Notice of Removal Petition (Original Petition filed in State Court), filed by Boston Scientific Corporation,, Guidant Subsidiary of Boston Scientific Corporation,.(MJM, ) (Entered: 09/06/2006) |
| 09/08/2006 | 16 | NOTICE by Defendants Boston Scientific Corporation, Guidant Subsidiary of Boston Scientific Corporation re 9 MOTION to Stay *Pending MDL Transfer* Guidant Corporation and Boston Scientific Corporation's Notice of Filing of Tag-Along Action: (Attachments: # 1 Exhibit A - Thirty-Ninth Notice of Tag-Along Actions)(Somora, Julie) (Entered: 09/08/2006) |
| 09/13/2006 | 17 | RESPONSE TO COURT ORDER re 12 Response to Court Order *Defendants Guidant Corporation and Boston Scientific Corporation's Response in Opposition to Plaintiff's Motion to Remand* by Defendants Boston Scientific Corporation, Guidant Subsidiary of Boston Scientific Corporation. (Attachments: # 1 Exhibit A Transfer Order# 2 Exhibit B Thirty-Ninth Notice of Potential Tag-Along Actions# 3 Exhibit C Letter dated June 23, 2006# 4 Exhibit D Hardin Order by Samuel B. Kent# 5 Exhibit E Hardin Plaintiffs' Second Amended Original Complaint)(Somora, Julie) (Entered: 09/13/2006) |
| 09/14/2006 | | Docket Text ORDER re 9 MOTION to Stay *Pending MDL Transfer* by Defendants Boston Scientific Corporation, Guidant Subsidiary of Boston Scientific Corporation. (Attachments: # (1) Exhibit A)(Somora, Julie) filed by Boston Scientific Corporation,, Guidant Subsidiary of Boston Scientific Corporation, ; ORDERED Granted SO ORDERED, Case stayed.. Signed by Judge Henry E. Autrey on 9/13/06. (MJM, ) (Entered: 09/14/2006) |
| 09/18/2006 | 18 | ANSWER/RESPONSE re 17 Response to Court Order,, by Plaintiff Donald Alexander. (MJM, ) (Entered: 09/18/2006) |
| 09/18/2006 | 19 | SECOND AMENDED PETITION against defendant Boston Scientific Corporation, Guidant Subsidiary of Boston Scientific Corporation, St. Anthony's Medical Center Amendment to 15 Amended Complaint, Jury demand, , filed by Donald Alexander. Related document: 15 Amended Complaint, filed by Donald Alexander,.(MJM, ) (Entered: 09/18/2006) |
| 02/16/2007 | 21 | ORDER OF MDL TRANSFER to: USDC District of Minnesota. Signed by Clerk of Panel on 2/7/07. (MJM, ) (Entered: 02/22/2007) |
| 02/22/2007 | 20 | CONDITIONAL TRANSFER ORDER regarding multidistrict litigation by Clerk of the Panel. Signed by Judge Unassigned on 2/22/07. (CLA, ) (Entered: 02/22/2007) |
| 02/22/2007 | | ORDER RECEIPT: (see receipt) Thu Feb 22 10:52:20 CST 2007 (CLA, ) |

|  |  | (Entered: 02/22/2007) |
|---|---|---|
| 02/22/2007 |  | ORDER RECEIPT: (see receipt) Thu Feb 22 11:13:31 CST 2007 (MJM, ) (Entered: 02/22/2007) |
| 02/22/2007 | 22 | Letter to USDC District of Minnesota from USDC EDMO Re:MDL Transfer Case (MJM, ) (Entered: 02/22/2007) |
| 02/28/2007 | 23 | Letter to USDC EDMO from USDC D of MN Re:Receipt of Transfer Case (MJM, ) (Entered: 02/28/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/29/2007 08:23:37 | | |
| **PACER Login:** | sh0019 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:06-cv-01289-HEA |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ARTHUR T. SIMS and BRENDA M. SIMS,    )
                                      )
        Plaintiffs,                   )
                                      )
v.                                    )    CIVIL ACTION NO.
                                      )    06-0644-BH-C
GUIDANT SALES CORPORATION; et al.,    )
                                      )
        Defendants.                   )

## ORDER

This action is again before the Court on defendants' motion to stay (Doc. 3). Upon

consideration of the motion, plaintiffs opposition (Doc. 9) thereto, defendants' reply

(Doc. 12) and all other pertinent portions of the record, the Court concludes that the

motion to stay is due to be granted for the reasons set forth by the defendants (Doc. 3 and

12). The Court agrees that it is likely that the device at issue in this case, namely a

Vitality DS T125 pacemaker and defibrillator combination unit serial number 113431,

will be included among the devices being addressed in MDL 1708, *In Re Guidant Corp.*

*Implantable Defibrillators Product Liability Litigation*, and that plaintiffs' arguments

ought to be addressed in the first instance by the Judicial Panel on Multidistrict Litigation

(JPML).[1] It is accordingly **ORDERED** that the defendants' motion to stay be and is

---

[1]To the extent plaintiffs challenge the Court's jurisdiction on the grounds that it is
inappropriate to aggregate their damage claims, the Court finds plaintiffs' argument to be
without merit for the reasons stated by the defendants in their Notice of Removal (Doc. 1-1). To
the extent plaintiffs argue that they should be given an opportunity to amend their complaint to
prevent such aggregation, such an effort to divest this Court of jurisdiction is clearly
impermissible.

hereby **GRANTED** in that this action be and is hereby **STAYED** pending transfer to MDL 1708, **PROVIDED** that the defendants notify the JPML as soon as possible but **no later than November 14, 2006**, that plaintiffs' claims are appropriate for transfer to MDL 1708 and take such steps as are necessary to obtain the transfer.

It is **FURTHER ORDERED** that the defendants **FILE** with this Court on the **second Tuesday of every month commencing December 12, 2006** a status report concerning the proceedings before the JPML and the transfer of this action to MDL 1708, **FAILING IN WHICH THIS COURT SHALL LIFT THE STAY AND PROCEED WITH THE LITIGATION IN THIS COURT.**

**DONE** this 2nd day of November, 2006.

_____s/ W. B. Hand_____
SENIOR DISTRICT JUDGE

2

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEVE GAYDOS & DIANE GAYDOS,**

**Plaintiffs,**

-vs-                                          Case No.  6:05-cv-1683-Orl-31KRS

**GUIDANT CORPORATION &**
**ADVENTIST HEALTH**
**SYSTEM/SUNBELT, INC.,**

**Defendants.**

---

**ORDER**

Upon consideration of Defendant's Motion to Stay (Doc. 10) and Plaintiff's Response in

Opposition (Doc. 11), it is

**ORDERED** that said Motion is GRANTED.  All proceedings in this case are STAYED,

pending transfer to the MDL court.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 8, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DAWN CABRERA,

Plaintiff,

-vs-                                                Case No. 6:06-cv-593-Orl-31KRS

GUIDANT CORP. and HOLMES
REGIONAL MEDICAL CENTER, INC.,

Defendants.

---

## ORDER

Upon consideration of Defendant Guidant Corporation's Motion to Stay All Proceedings

(Doc. 7), and Plaintiff's Response thereto (Doc. 13), it is

ORDERED that said Motion is GRANTED. All proceedings in this case are STAYED

pending MDL transfer. If transfer has not occurred by July 28, 2006, Plaintiff may move to lift

this stay.

DONE and ORDERED in Chambers, Orlando, Florida on May 24, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61899-CIV-DIMITROULEAS

PETER S. CURCIO, and
JEANNE V. CURCIO, his wife,

     Plaintiffs,

vs.

GUIDANT CORP., a foreign corporation,
and LEE MEMORIAL HEALTH SYSTEM
d/b/a HEALTHPARK MEDICAL CENTER,
a Florida corporation,

     Defendants.

_____/



FILED by _____ D.C.

JAN 26 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### ORDER GRANTING MOTION TO STAY

     THIS CAUSE is before the Court upon Defendant Guidant Corporation's Renewed

Motion to Stay All Proceedings Pending Final Transfer to MDL 1708, filed herein on January 24,

2006. [DE-29]. The Court has carefully considered the Motion and is otherwise fully advised in

the premises. On January 19, 2006, the MDL Panel issued a Conditional Transfer Order

indicating that the case is scheduled for transfer. Accordingly, it is **ORDERED AND**

**ADJUDGED** as follows:

     1.    Defendant Guidant Corporation's Renewed Motion to Stay All Proceedings

           Pending Final Transfer to MDL 1708, filed herein on January 24, 2006 [DE-29], is

           hereby **GRANTED**.

     2.    The above-styled action is hereby **STAYED** pending transfer by the MDL Panel.

     3.    In the event this case is not transferred, the parties shall file a status report with



this Court no later than February 17, 2006.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this

_____ day of January, 2006.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Eileen Moss, Esq.
John J. Uustal, Esq.
Elinor Baxter, Esq.

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL P. WOOD AND MARINA WOOD,

        Plaintiffs,

v.                                      CV 06-0733 WJ/WPL

LARRY TIBBETS, ROBERT HUSTON,
GUIDANT, INC., an Indiana Corporation,
GUIDANT SALES CORPORATION,
CARDIAC PACEMAKERS INC., an
Indiana Corporation, and JOHN DOES I-X,

        Defendants.

### ORDER GRANTING MOTION TO STAY PROCEEDINGS

      This matter is before me on a motion for a stay requested by all of the Defendants that have

been served—namely, Guidant Corporation, Guidant Sales Corporation, Cardiac Pacemakers Inc.,

and Larry Tibbetts.[1]  (Doc. 7, 19.)  Plaintiffs oppose the motion.  (Doc. 8.)[2]

---

    [1] The amended notice of removal asserts that "Guidant, Inc." was misnamed in the complaint and should be referred to as "Guidant Corporation." (Doc. 2 at 1.)  Similarly, the Defendant named as "Larry Tibbets" refers to himself as "Larry Tibbetts." (Doc. 19.)

    [2] In their response, Plaintiffs accuse Defendants of including "false statements of fact" in their motion. (Doc. 8 at 2.)  Only one false statement is identified by Plaintiffs: Defendants' assertion, "[o]n information and belief," that Tibbetts had not been served. (Doc. 7 at 2.)  Plaintiffs submit an affidavit from a process server, averring that he served Tibbetts at home on August 18, 2006 at approximately 9:00 a.m. (Doc. 8 Ex. B.)  Defendants filed their motion on August 18, 2006 at 4:27 p.m.  Plaintiffs offer nothing to suggest that Defendants or their counsel were aware that service had been made on Tibbetts, at his home, less than eight hours before the motion was filed.  Plaintiffs also assert, "A return of service filed August 21, 2006 further demonstrates that service was filed with the Court." (Id. at 2.)  I can find nothing on this Court's electronic docket to indicate that a return of service was filed on August 21, 2006.  Even if it were filed on that day, Plaintiffs do not explain the metaphysical process by which it would have provided notice to Defendants three days earlier.  Thus, it appears that Plaintiffs' accusation that Defendants made "false statements of fact" is unjustified and is itself a misstatement of the record.  This type of conduct by counsel does a disservice to opposing counsel, the Court, and the litigants, and I do not take it lightly.

## BACKGROUND

In November 2005, the Judicial Panel on Multidistrict Litigation (JPML) established MDL 1708 in the District of Minnesota for coordinated pretrial proceedings in cases involving allegedly defective cardiac devices manufactured by Guidant Corporation, Guidant Sales Corporation, and Cardiac Pacemakers. (Doc. 2 Ex. B.)

In July 2006, Plaintiffs initiated this action in the First Judicial District of New Mexico. Their complaint alleges that one of the defective cardiac devices was implanted in Plaintiff Manuel Wood. (*Id.* Ex. A (Compl.) at 1, 3-5.) The complaint further alleges that Defendants Tibbetts and Huston are sales or marketing representatives for the other Defendants and are residents of New Mexico. (*Id.* at 1-2.)

Defendants Guidant Corporation, Guidant Sales Corporation, and Cardiac Pacemakers removed the action to this Court, contending that Tibbetts and Huston were fraudulently joined to defeat diversity jurisdiction. (*Id.* (Amended Notice of Removal) at 6-10.) Plaintiffs immediately filed a motion to remand. (Doc. 5.) The removing Defendants then filed their motion to stay all proceedings pending a final decision by the JPML regarding whether to transfer this case to MDL 1708. (Doc. 7.) Tibbetts later joined in this motion. (Doc. 19.) In September 2006, the JPML conditionally transferred the case to MDL 1708. (Doc. 12.)

At least four other cases have been removed to this district involving the allegedly defective cardiac devices. In all of the cases, the plaintiffs named Tibbetts as a defendant and filed motions to remand. *See Baeza v. Tibbetts et al.*, No. 06-CV-0407 MV/WPL; *Tellez v. Tibbetts et al.*, No. 06-CV-0408 WJ/CEG; *Oakes v. Tibbetts et al.*, No. 06-CV-0732 WJ/RHS; *Simpson v. Tibbetts et al.*,

No. 06-CV-0734 MV/LAM. *Baeza* has been remanded.[3] On October 17, the JPML transferred *Tellez* to MDL 1708. (Doc. 22.) In doing so, the JPML denied the plaintiffs' motion to vacate the conditional transfer order and specifically noted that the motion for remand could be decided by the transferee court. (*Id.*) *Oakes* and *Simpson* remain at this Court, although the JPML has issued orders conditionally transferring them to MDL 1708.

### DISCUSSION

When deciding whether to enter a stay, a court should consider three factors: 1) the potential prejudice to the nonmoving party; 2) the hardship and inequity to the moving party; and 3) the judicial resources that would be saved. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Regarding prejudice to Plaintiffs, they assert that a stay will cause delay and inconvenience. Delay is likely to be minimal, given that the JPML transferred the related *Tellez* case approximately one month ago. As for inconvenience, the JPML did not require oral argument to decide the *Tellez* remand motion. (Doc. 22.) Furthermore, Plaintiffs are represented by the same law firm that represents the plaintiffs in *Tellez*, *Oakes*, and *Simpson*. The firm has made use of "generically formatted" (Doc. 13 at 3) briefing in this Court and can do the same before the transferee court, should the cases be transferred.

Regarding hardship and inequity to Defendants, the JPML has already recognized that centralization is necessary to prevent inconsistent pretrial rulings. (Doc. 2 Ex. B.)

---

[3] The Court simultaneously denied a motion for a stay. Although Plaintiffs assert that *Baeza* is controlling here, I note at least two differences. First, Guidant Sales Corporation, Tibbetts's employer, was not a defendant in *Baeza*. Second, there was no evidence of other cases involving the same fraudulent joinder issue. (Doc. 8 Ex. 1.)

3

Regarding judicial resources, the three cases pending in this Court and the case that has already been transferred raise nearly identical issues. Thus, staying consideration of these issues pending transfer would conserve judicial resources.

IT IS THEREFORE ORDERED that the Motion to Stay All Case Proceedings Pending Transfer of Case to MDL 1708 (Doc. 7) is GRANTED.

IT IS SO ORDERED.

William P. Lynch

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.          4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JO ANN OAKES,

      Plaintiff,

vs.                                        Civ. No. 06-732 WJ/RHS

LARRY TIBBETTS, EDWARD TAGUE,
DEREK TUCKER, GUIDANT, INC., an
Indiana corporation, GUIDANT SALES
CORPORATION, CARDIAC PACEMAKERS,
INC., an Indiana corporation, and JOHN DOES I-X,

      Defendants.

### ORDER GRANTING MOTION TO STAY ALL
### CASE PROCEEDINGS PENDING
### TRANSFER OF CASE TO MDL 1708

      **THIS MATTER** comes before the Court on the Motion of Defendant Guidant, Inc.,

Guidant Sales Corporation, and Cardiac Pacemakers, Inc., seeking an order staying all

proceedings and deadlines in this action, including the deadline for Defendants to respond to

Plaintiff's complaint, pending the decision of the Judicial Panel on Multi-District Litigation

regarding transfer of Plaintiff's claims to MDL 1708 [docket no. 6]. The Court has now

considered the motion together with Plaintiff's response thereto [docket no. 7] and having

considered the pleadings on file in the above captioned cause together with the arguments and

authorities propounded by the respective parties hereby concludes that the motion is well taken.

      The factual background and procedure history of the instant case is limited as it pertains to

the motion to stay. Plaintiff asserts that she was injured as the result of implantation of a cardiac

medical device allegedly manufactured by Defendants. Plaintiff's complaint was filed on July 13,

2006, in the First Judicial District Court, County of Santa Fe and State of New Mexico.

Defendants Guidant, GSC, and CPI removed the case to this Court on August 14, 2006. In

Plaintiff's response [docket no. 7] at page 5 Plaintiff complains that counsel is not aware of any

other pending cases involving Defendant Tibbetts other than this matter and Tellez v. Tibbetts,

USDC NM Civ. No. 06-408 WJ/CEG. Respectfully, this is not correct. In their motion to stay,

Defendants advised Plaintiff of other cases involving Tibbetts that the Defendants have removed

which have identical claims as to those raised by the Plaintiff here (see docket no. 6, page 2,

paragraph 3).

The Court has very broad discretion in granting a motion to stay pending transfer to

another Court. See Portnoy v. Zenith Labs, No. 86-3512, 1987 WL 10236, at *1 (D.D.C. April

21, 1987). As of the date of this order, the parties await the decision of the MDL Panel as to

whether this action should be consolidated into the proceeding in Minnesota. If the case is

transferred, all pretrial issues and scheduling shall be governed by the judge presiding over MDL

1708 and these orders would supersede any orders governing this case at the time of transfer.

Therefore, a stay of proceedings in this court is appropriate because the stay will provide and

promote judicial economy as well as consistency. See e.g., Rivers v. Walt Disney Co., 980

F.Supp. 1358, 1362 (C.D. Cal. 1997) (staying action pending transfer decision by MDL Panel);

Portnoy, at *1 (explaining that the law "favors coordination of related cases").

Therefore, the Court concludes that to promote this uniformity and judicial economy this matter

should be stayed pending the JPML's decision on transfer of this case to MDL 1708.

-2-

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay All Case Proceedings Pending Transfer of Case to MDL 1708 [docket no. 6] is hereby granted and all proceedings in this matter are hereby stayed pending the JPML's decision regarding transfer of this case to MDL 1708 including the requirement that Defendants answer or otherwise respond to the complaint until such time as the MDL court mandates.

**IT IS FURTHER ORDERED** that Plaintiff may continue to serve process upon Defendants Tibbetts and Robert Huston (Robert Huston is not a named Defendant in the caption but perhaps he is a John Doe Defendant), and that upon completion of service of process these Defendants shall also be relieved from the responsibility of filing a responsive pleading as more fully set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's request for an early mediation (see Plaintiff's response, docket no. 7 at page 4) is hereby denied as this request for relief should be brought to the Court by separate and individual motion practice. If all named parties in the above captioned cause consent and agree to an early mediation, the undersigned United States Magistrate Judge shall agree to promptly schedule the same and this shall not be considered to be in violation of the Court stay as ordered herein. If, however, all parties do not consent and agree to an early mediation that matter must be raised in motion practice after the stay is lifted by order of the appropriate court.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JUN 2 8 2006

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| ROSS DEPAUL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1806 |
| | § | |
| GUIDANT CORPORATION, GUIDANT | § | |
| SALES CORPORATION, GUIDANT | § | |
| PUERTO RICO SALES CORPORATION, | § | |
| and CARDIAC PACEMAKERS, INC., | § | |
| | § | |
| Defendants. | § | |

ORDER GRANTING STAY OF PROCEEDINGS

Pending is Defendants' Motion to Stay All Proceedings Pending Transfer to MDL 1708 (Document No. 3), to which Plaintiff has filed no response in opposition. Defendants' motion is therefore deemed unopposed. *See* Local Rule 17.4. The motion is well taken, and it is therefore

ORDERED that Defendants' Motion to Stay is GRANTED, and all proceedings in this case are STAYED pending transfer to MDL 1708. If the transfer has not been effected by September 29, 2006, the parties will provide a joint status report to the Court to advise whether this STAY should be lifted.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas on this 28TH day of June, 2006.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

|  |  |  |
|---|---|---|
| LARRY AND CHARLOTTE HARDIN | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-430 |
| | § | |
| GUIDANT CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

United States Courts
Southern District of Texas
ENTERED

FEB 0 2 2006

Michael N. Milby, Clerk of Court

## ORDER

This case came before the Court on February 1, 2006, for a routine scheduling conference. Pursuant to written briefing previously submitted to the Court and oral submissions by counsel at the scheduling conference, the Court **ORDERS** that all claims against Defendants Medical Center of Plano and J. Brian DeVille, M.D. are **SEVERED** and **REMANDED** to the District Court of Brazoria County, Texas, 239th Judicial District. All remaining proceedings are **STAYED PENDING TRANSFER** to the Hon. Donovan W. Frank of Minnesota for consolidation with other similar cases in MDL 1708.

**IT IS SO ORDERED.**

DONE this 1st day of February, 2006, at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE

**FILED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAN 1 8 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

LUCY LINDA CALDWELL and )
THOMAS G. CALDWELL )
)
Plaintiffs, )
)    Civil Action No. SA-05-CA-1144-XR
VS. )
)
GUIDANT CORPORATION, et al. )
)
Defendants. )
)

## ORDER

On this date, the Court considered Plaintiffs' motion to remand. Defendants removed this case from state court alleging that Plaintiffs improperly joined[1] Defendant Guidant Puerto Rico Sales Corporation (GPRSC)[2] to defeat diversity jurisdiction.

On October 20, 2005, Plaintiffs filed suit in the 150th Judicial District Court of Bexar County, Texas against Defendants. In their lawsuit, Plaintiffs allege that Lucy Caldwell received a Contak Renewal Model H135 ICD (a defibrillator) during an August 7, 2003 surgical implant operation. Plaintiffs allege that the product is defective and that they are suffering extreme mental anguish because they believe that the product may malfunction. Plaintiffs allege that all defendants in this

---

[1] The Fifth Circuit has adopted the term "improper joinder" as being more consistent with the statutory removal language than "fraudulent joinder." *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 571, n.1 (5th Cir. 2004). Accordingly, this Court will address Defendants' fraudulent joinder claim under the improper joinder terminology.

[2] GPRSC is a Texas corporation with its principal place of business in Puerto Rico. It is a wholly-owned subsidiary of Intermedics, Inc., which is a wholly-owned subsidiary of Guidant Corporation.

case conspired with the Guidant Corporation to conceal the fact that the product was defective.

Alternatively, Plaintiffs argue that the defendants operated as a single business enterprise and that

each constituent corporation should be held liable for the actions of the others. Plaintiffs also allege

that "by manufacturing, selling, proving and/or implanting a defective ICD ... while concealing the

risks of death and catastrophic injury" the defendants impeded any voluntary and knowing consent

to the implantation and accordingly a battery was committed by the Defendants at the time the device

was implanted.  Alternatively, Plaintiffs also allege claims for breach of fiduciary duty, "strict

products liability" and breach of express and implied warranty. Further, Plaintiffs bring claims for

fraud, constructive fraud, negligence and intentional infliction of emotional distress.

Defendants timely removed this case to this federal court. Defendants argue that GPRSC was

improperly joined.  Defendants further argue that GPRSC does not design or manufacture

pacemakers or defibrillators, it only sells such products in Puerto Rico and St. Croix, it does not sell

these products in Texas, and it did not participate in designing, manufacturing or selling the Contak

Renewal Model H135 ICD.

On November 7, 2005, the Judicial Panel on Multidistrict Litigation ordered that this case

be conditionally transferred to the United States District Court for the District of Minnesota for

coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

The Chairman of the Judicial Panel on Multidistrict Litigation has informed judges in other

MDL-related cases that a conditional transfer order "does not in any way limit the pretrial

jurisdiction of [the original district court]."  The Chairman further has stated: "Thus [a district

court's] jurisdiction continues until any transfer ruling becomes effective.  If you have a motion

pending before you in the action - particularly a motion to remand to state court (if the action was

removed to your court) - you are encouraged to rule on the motion unless you conclude that the motion raises issues likely to arise in other actions in the transferee court, should we order transfer, and would best be decided there."

It is apparent that the issue of whether GPRSC has been improperly joined has been ruled by other Texas district courts and those courts have reached different opinions. In *Swann v. Guidant Corp.*, 2005 WL 3560627 (S.D. Tex. Dec. 29, 2005), that court concluded that a reasonable possibility of recovery from GPRSC existed under a civil conspiracy claim despite the fact that it did not design, manufacture, or sell the allegedly-defective device. "Plaintiff need not prove that GPRSC owes Plaintiff a "duty in tort" to hold GPRSC liable. Rather, Plaintiff need only prove that: (1) at least one defendant breached a duty in tort to Plaintiff; and (2) that GPRSC conspired with the breaching Defendant to commit that tort." *See also Liedeker v. Guidant Corp.*, 2005 WL 2277633 (S.D. Tex. Sept. 16, 2005)(same); *Motal v. Guidant Corp.*, 2005 WL 2277642 (S.D. Tex. Sept. 16, 2005)(same); *Hinojosa v. Guidant Corp.*, 2005 WL 2177212 (S.D. Tex. Sept. 7, 2005)(same).

However, in *Hardin v. Guidant Corp.*, Civ. No. G-05-430 (S.D. Tex. Sept. 21, 2005), the court granted a motion to remand because it held that a Texas physician was properly joined thus there was no complete diversity. Nevertheless, the Court went on to note "the weakness of the claims against" GPRSC. The Court further stated: "GPRSC apparently had absolutely no connection with Mr. Hardin's device. Plaintiffs argue that since the president of GPRSC was also the president of the corporate entity responsible for manufacturing the device in question, liability can be imputed to GPRSC. The existence of interlocking personnel with a related corporate entity is simply not sufficient to impose liability on a corporation."

In a PPA-related suit this court has concluded that similar type claims could not be

maintained against a company because the PPA-containing products that caused the plaintiff's injuries were not made, marketed, or sold by Advocare. *See Olivas v. American Home Products Corp.*, 2002 WL 32620351 (W.D. Tex. Oct. 18, 2002).

This Court concludes that Plaintiffs' motion raises issues likely to arise in other actions in the transferee court and would best be decided there to avoid inconsistent rulings. Plaintiff's motion to Remand (docket no. 5) is transferred to the Hon. Donovan W. Frank for his consideration in MDL-1708, In re Guidant Corp. Implantable Defibrillators Products Liability Litigation. The Clerk of this Court is directed to remove Plaintiff's motion to remand (docket no. 5) from the civil pending motions report of the undersigned judge.

SIGNED this 18th day of January, 2006.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

4

# EXHIBIT E

## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 05-1708 (DWF/AJB) |

This Document Relates to:

Emmett David Brown,

Plaintiff,

v.          Civil No. 07-1487 (DWF/AJB)

Guidant Corporation, an Indiana Corporation; Endovascular Technologies, Inc., a California Corporation and a Division of Guidant Corporation; Guidant Sales Corporation; and Dr. Leland B. Housman,

Defendants.

**MEMORANDUM OPINION AND ORDER**

---

Jeanette Haggas, Esq., Mark E. Burton, Jr., Esq., Nancy Hersh, Esq., and Rachel Abrams, Esq., Hersh & Hersh, counsel for Plaintiff.

Timothy A. Pratt, Esq., Sara J. Romano, Esq., and Dana N. Gwaltney, Esq., Shook Hardy & Bacon, LLP, counsel for Defendants Guidant Corporation, Endovascular Technologies, Inc., and Guidant Sales Corporation.

Michael I. Neil, Esq., and David P. Burke, Esq., Neil, Dymott, Frank, Harrison & McFall, APLC; and Timothy A. Pratt, Esq., Shook Hardy & Bacon, LLP, counsel for Defendant Dr. Leland B. Housman.

---

The above-entitled matter is before the Court pursuant to Plaintiff Emmett David

Brown's Motion to Remand and Motion for Sanctions [28 U.S.C. § 1447] (MDL

No. 05-1708 (DWF/AJB), Doc. No. 1896; Civ. No. 07-1487 (DWF/AJB), Doc. No. 13)

and Defendant Leland Housman, M.D.'s Motion to Sever Medical Malpractice Action

and Remand Case Back to Superior Court, State of California, County of Santa Clara

(MDL No. 05-1708 (DWF/AJB), Doc. No. 1801; Civ. No. 07-1487 (DWF/AJB), Doc.

No. 7). For the reasons stated below, the Court grants Brown's Motion to Remand as to

Dr. Housman but denies the Motion as to all remaining Defendants, denies Brown's

Motion for Sanctions, and grants Dr. Housman's Motion to Sever and Remand.

### BACKGROUND

In 2003, Dr. Housman implanted a Guidant defibrillator in Brown. In June 2005,

Brown's defibrillator was recalled. Thereafter, Dr. Housman explanted and replaced

Brown's defibrillator and epicardial leads. After the explant and replacement surgery, the

leads penetrated through the surgery incision sites on Brown's chest. This penetration

caused infection and the need for further surgeries.

On October 24, 2006, Brown filed this case against Defendants Guidant

Corporation, Guidant Sales Corporation, Endovascular Technologies, Inc. ("EVT"),[1] and

Dr. Housman in the California Superior Court of Santa Clara County, California.

Guidant Corporation and Guidant Sales Corporation (collectively "Guidant") are citizens

of Indiana. It is undisputed that Brown and Dr. Housman are California residents. The

parties dispute EVT's citizenship. Brown asserts that EVT is a citizen of California, and

Guidant and EVT assert that EVT is a citizen of Minnesota and Delaware.

---

[1]    EVT is a wholly owned subsidiary of Guidant Corporation.

2

Brown alleges that Dr. Housman committed medical negligence because he implanted a defective defibrillator and negligently removed and replaced it. Brown also asserts that Dr. Housman knew of information provided by Guidant and/or EVT regarding defects with the defibrillators. Brown alleges that Guidant breached its duties as a manufacturer, distributor, and marketer of defibrillators. As to EVT, Brown alleges that it breached its reporting duties under a Corporate Integrity Agreement.

On January 22, 2007, Guidant and EVT removed the case to the United States District Court for the Northern District of California based on diversity of citizenship, asserting that EVT and Dr. Housman were improperly joined. Thereafter, Guidant sought to transfer the case, and on March 6, 2007, the Judicial Panel on Multidistrict Litigation transferred the action to the District of Minnesota as part of MDL No. 1708. On May 18, 2007, Defendant Dr. Housman filed a Motion to Sever and Remand the allegations against him, and, on June 5, 2007, Brown filed a Motion to Remand and Motion for Sanctions.

## I.    Motion to Sever and Remand

Dr. Housman asserts that Brown misjoined Dr. Housman as a party and that the claims against him should be severed from the claims asserted against Guidant and EVT and remanded to state court. The Federal Rules of Civil Procedure allow for permissive joinder of defendants as follows:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

3

Fed. R. Civ. P. 20(b).[2]  If defendants have been misjoined for the failure to satisfy the

conditions for permissive joinder under Rule 20(b), the Rules allow for severance of

those defendants:

> Misjoinder of parties is not ground for dismissal of an action.  Parties may
> be dropped or added by order of the court on motion of any party or of its
> own initiative at any stage of the action and on such terms as are just.  Any
> claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21.

Dr. Housman asserts that the claims against him (medical negligence) and Guidant

(product liability) are legally distinct and that none of the causes of action overlap one

another.  In addition, Dr. Housman asserts that the facts that would support a claim

against him involve the quality of medical care given to Brown, whereby the facts that

would support a claim against Guidant would have nothing to do with the standard of

care for Dr. Housman, but instead would focus on the products used.  Therefore,

Dr. Housman contends that the claims arising out of his treatment do not arise out the

same transaction or occurrence as the claims against Guidant and EVT.[3]

Brown, on the other hand, contends that Dr. Housman, Guidant, and EVT's

actions/inactions do arise out of the same transaction or occurrence.  Brown asserts that

---

[2]    The California rule on permissive joinder is nearly identical to the federal rule and
is identical in all relevant parts here.  *See* Cal. Civ. Proc. Code § 379(a)(1).

[3]    To the extent that the Court finds that severance and remand is necessary, Guidant
and EVT agree with Dr. Housman to the extent that only Dr. Housman should be severed
and remanded and that the Court should retain jurisdiction over Brown's claims against
Guidant and EVT.

4

he would not have had to endure the surgery whereby the leads were misplaced if his

Guidant defibrillator was not defective. Brown also asserts that his surgery shares

common questions of law and/or fact with Brown's product liability claims against

Guidant and EVT. Brown contends that the chain of events that led to Brown's injury

inextricably connects the facts and legal issues surrounding the medical negligence and

product liability claims. Specifically, Brown asserts that Dr. Housman's testimony,

notes, and other related information regarding Brown's implant and explant surgeries will

be required for the negligence, fraud, and CLRA claims against Guidant. Further, Brown

contends that he makes the same claim for damages against all Defendants and that each

Defendant is jointly and severally liable for the damages Brown sustained.

Upon review of the applicable rules and the pleadings of the parties, the Court

finds that Dr. Housman has been improperly joined in this case. Brown's claim against

Dr. Housman is medical negligence, which would require evidence on Brown's care,

treatment, and services provided by Dr. Housman. Brown's claims against either

Guidant or EVT are general negligence or product liability claims based on alleged

manufacturing and design defects, alleged failure to properly warn, and alleged

misrepresentation of the health risks associated with certain cardiac medical devices.

These claims would require evidence on the development, manufacture, and testing of

Brown's ICD along with evidence of Guidant and EVT's knowledge, warnings, and

representations regarding defective ICD's. The joinder of the malpractice claim against

Dr. Housman with the other general negligence and product liability claims was

inappropriate because the claims do not both involve common questions of law or fact

and assert joint, several, or alternative liability "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(b). Any liability that may be found against either Guidant/EVT or Dr. Housman would not be a basis for liability as to the other. However, separate liability as to each could be separately found.[4] Furthermore, because of the nature, stage, and progression of this MDL, especially in light of the proposed settlement involving Guidant, "the rights of the parties and interest of justice is best served by severance." Fed. R. Civ. P. 21.

Although some courts faced with fraudulent misjoinder claims have required both a finding of misjoinder and a finding of a bad faith attempt to defeat diversity, other courts have refused to apply the "egregious" standard when considering misjoinder in the context of remand petitions. *See In re: Baycol Products Litig.*, MDL No. 1431 (MJD), Case. No. 03-2931, 2003 WL 22341303, at *3 (D. Minn. 2003) (citing cases). The Eighth Circuit Court of Appeals has not addressed the issue.

Here, as the court in *Greene v. Wyeth* found, the Court "rejects the notion that Plaintiff[] ha[s] committed an egregious act or fraud upon the Court." 344 F. Supp. 2d

---

[4]    While California case law seems to take a broad view of joinder, the Court's finding is still consistent. The California Supreme Court has stated that section 379, subdivision (c) "does not permit the unlimited joinder of defendants; it provides for joinder only when plaintiff pleads a specific relationship between the defendants, namely, a single or cumulative injury, giving rise to doubt as to the respective liability of defendants for that injury. In other words, when a plaintiff states facts showing a reasonable uncertainty as to the respective liability of the defendants, these same facts constitute the connection that links the acts of the defendants and fulfills any claimed requisite of 'factual nexus.'" *Landau v. Salam*, 484 P.2d 1390, 1395 (Cal. 1971). Here, Brown has not alleged that he is in doubt as to which Defendant is liable for which actions.

674, 685 (D. Nev. 2004). "[U]nder our dual court system[, if] a potential plaintiff has a

choice between a state forum and a federal forum, it is his privilege to exercise that

choice subject to legal limitations, and if he can avoid the federal forum by the device of

*properly* joining a non[-]diverse defendant or a non[-]diverse co-plaintiff, he is free to do

so." *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)

(emphasis added). However, where a non-diverse party, such as Dr. Housman here,

cannot be properly joined under the Federal Rules of Civil Procedure, other interests,

such as the Defendants' statutory right of removal, prevail over that of permitting a

plaintiff's choice of forum. *See Greene*, 344 F. Supp. 2d. at 685. Because the basis for

the causes of action against Dr. Housman do not arise from the same transaction and

occurrences as those in the causes of action against Guidant and EVT, the Court will

sever the action against Dr. Housman so as to preserve Guidant and EVT's right to

removal in the remaining action and to preserve the interests of judicial expediency and

justice.

## II.    Motion to Remand

The party seeking removal and opposing remand bears the burden of establishing

federal subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181,

183 (8th Cir. 1993). Generally, a state court action may only be removed if a federal

district court would have original jurisdiction to hear the case. 28 U.S.C. § 1441(a).[5]

---

[5]    Section 1441(a) provides in pertinent part:

(Footnote Continued on Next Page)

Where the action is based upon diversity jurisdiction, it is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). A corporation is deemed a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). "In determining whether removal was proper, the removal statute is to be narrowly construed and all doubts about the propriety of federal jurisdiction are to be resolved against removal." *In re Potash Antitrust Litig.*, 866 F. Supp. 406, 410 (D. Minn. 1994). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Brown argues that the Court should remand the entire action asserting lack of subject matter jurisdiction and defects in the removal procedure. As to the latter, Brown contends that Guidant and EVT's removal was untimely, did not have proper consent from Dr. Housman, was facially deficient, and did not meet the requisite amount in controversy.

---

(Footnote Continued From Previous Page)
> [A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States.

28 U.S.C. § 1441(a).

### A.    Timeliness/Consent/Deficiency

Brown served Dr. Housman on December 14, 2006. Guidant and EVT removed the action on January 22, 2007. Brown argues that Guidant and EVT had no right to remove because Dr. Housman did not remove nor consent to removal within thirty days of service of the Complaint. Brown also argues that Guidant's removal is facially deficient because Guidant did not explain why Dr. Housman had not joined in the removal. Guidant and EVT assert that Guidant's removal was proper and timely because all properly-joined Defendants consented to removal and neither Guidant nor EVT were served with a summons and complaint; therefore, the 30-day period for removal was never triggered.

"The notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (holding that a defendant's time to remove is triggered by formal service of the summons and the complaint, not "by mere receipt of the complaint unattended by any formal service"). Removal is proper "if none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Consistent therewith, the usual rule that all defendants in an action in state court join in a petition for removal does not apply to "nominal, unknown, or fraudulently-joined parties." *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).

9

Here, because Dr. Housman was not properly joined, his consent was neither

necessary nor did the service of process on him trigger the deadline for removal. Further,

as to Brown's assertion that Guidant's removal was facially deficient, the Court

disagrees. Guidant and EVT stated in their Notice of Removal that Dr. Housman was

improperly joined. (Aff. of Timothy A. Pratt in Supp. of Defs. Guidant Corporation,

Endovascular Technologies, Inc. and Guidant Sales Corporation's Opp'n to Pl.'s Mot. to

Remand ("Pratt Aff."), Ex. A at 3.) Guidant and EVT also stated that all properly-joined

Defendants had consented to removal and that Defendants who are not properly joined

need not consent to removal. (*Id.*) Therefore, the Notice of Removal was not facially

deficient because Guidant did explain why it did not have Dr. Housman join in the

removal. Thus, Brown's untimeliness, non-consent, and facially deficient arguments fail.

### B.    Requisite Amount in Controversy

Brown also asserts that Guidant and EVT have failed to show the action meets the

requisite amount in controversy. Brown points to Guidant and EVT's Notice of

Removal, whereby Guidant and EVT assert that the "face of the complaint makes clear

that plaintiff seeks damages in excess of $75,000" because Brown seeks "damages for

surgical placement and replacement of an allegedly defective defibrillator in him." (Pratt

Aff., Ex. A at 11.) Brown contends that this is insufficient to demonstrate that the

amount in controversy exceeds $75,000. Guidant and EVT, on the other hand, assert that

they have met their burden. Guidant and EVT point to Brown's allegations in the

Complaint where he alleges "serious injuries to his chest," (Compl. ¶ 130), and alleges

that he "required healthcare and medical services, and incurred direct medical costs for

10

physician care, monitoring, treatment, medications, and supplies." (*Id.*) Guidant and

EVT also point out that Brown is seeking general, special, and punitive damages,

restitution and disgorgement of profits, compensatory and other damages, costs,

including experts' fees and attorneys' fees and expenses, and the costs of prosecuting this

action. (Compl., Prayer for Relief at 24.) The Court finds that in light of the allegations

plead and in light of the other complaints filed by Brown's attorneys directly in this MDL

alleging similar claims and damages whereby they plead that the requisite jurisdictional

amount was met, a jury could return an award in excess of $75,000. Therefore, Brown's

argument fails.

### C.    Subject Matter Jurisdiction

Brown contends that the Court lacks subject matter jurisdiction, asserting that

removal was improper under 28 U.S.C. § 1441(a) because Dr. Housman and EVT are

California residents, thereby creating incomplete diversity of citizenship. As to EVT,

Brown contends that Guidant has admitted in Answers that it has filed that EVT

maintains its principal place of business in California. Therefore, Brown asserts that

EVT is a citizen of California causing the Court to have no original jurisdiction. Brown

also asserts that under 28 U.S.C. § 1447(c), the case must therefore be remanded.

Guidant and EVT assert that complete diversity of citizenship does exist. Guidant

and EVT contend that Dr. Housman's citizenship should be disregarded because he was

improperly joined as a defendant. The Court agrees, as is explained above.

As to EVT's citizenship, Guidant and EVT assert that EVT is not a California

citizen. Guidant points out that the pleadings that Brown sites to for support that EVT is

11

a California citizen date back to 2002 and 2003.  Guidant explains that at that time,

EVT's principal place of business was in California.  But Guidant asserts that in October

2006, when the Complaint was filed here, and in January 2007, when the case was

removed, EVT had no business operations in California.  Citing to Jeffrey Kruse's

declaration, Senior Counsel for EVT, Guidant asserts that since June 30, 1989, EVT has

been a Delaware corporation, and since April 2006, EVT has had its headquarters and

business operations in St. Paul, Minnesota.  Therefore, Guidant and EVT assert that EVT

is a citizen of Delaware and Minnesota.

Brown's only response to Guidant's assertion is that EVT was a California citizen

at the time he was injured in March 2004.  Brown, however, asserts no authority for the

proposition that the Court should analyze citizenship as of the date of injury for purposes

of diversity jurisdiction.

The Court agrees with Guidant and EVT that EVT is not a California citizen.  For

purposes of diversity jurisdiction, the Court analyzes citizenship as of the date that the

Complaint was filed.  *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571

(2004).  Therefore, because at the time that the Complaint was filed, EVT was a citizen

of Delaware and Minnesota, Guidant was a citizen of Indiana, and Brown was a citizen of

California, complete diversity of the parties exists,[6] and the Court denies Brown's

---

[6]     The Court disregards Dr. Housman's citizenship because he was improperly
joined in this case, as is explained above.

Motion to Remand as to his case against Guidant and EVT.[7]   Consistent with the Court

granting Dr. Housman's Motion to Sever and Remand, the Court grants in part Brown's

Motion to Remand only to the extent that the Court severs and remands Brown's claims

against Dr. Housman.

## II.     Motion for Sanctions

Based on Brown's assertion that the parties here are properly joined and

non-diverse and because Dr. Housman did not consent to removal, Brown also contends

that Guidant should be sanctioned for removing this action. Here, because the Court

finds that Guidant and EVT's removal was proper and because the record does not show

bad faith on the part of Guidant or EVT, the Court concludes that sanctions are not

warranted.

**IT IS HEREBY ORDERED** that:

1.     Defendant Leland Housman, M.D.'s Motion to Sever Medical Malpractice

Action and Remand Case Back to Superior Court, State of California, County of

Santa Clara (MDL No. 05-1708 (DWF/AJB), Doc. No. 1801; Civ. No. 07-1487

---

[7]     Guidant and EVT argued alternatively that if the Court found EVT to be a citizen
of California, that EVT's citizenship should be disregarded because it was fraudulently
joined as a defendant. Because the Court finds EVT to be a California citizen, it need not
address whether EVT was fraudulently joined. However, "[j]oinder is fraudulent only
where there is no reasonable basis in fact or colorable ground supporting the claim
against the resident defendant, or where the plaintiff has no real intention of prosecuting
the action against the resident defendant." *Schwenn v. Sears, Roebuck & Co.*, 822
F. Supp. 1453, 1455 (D. Minn. 1993). And, because "contested issues of fact should be
resolved in favor of the plaintiff," *id.*, the Court notes that, at this juncture, fact issues
would preclude the Court from finding that there is no basis for liability.

(DWF/AJB), Doc. No. 7) is **GRANTED**.  The Court Orders that all claims against

Defendant Leland Housman, M.D. are **SEVERED** and **REMANDED** to Superior Court,

State of California, County of Santa Clara.

    2.     Plaintiff Emmett David Brown's Motion to Remand and Motion for

Sanctions [28 U.S.C. § 1447] (MDL No. 05-1708 (DWF/AJB), Doc. No. 1896; Civ. No.

07-1487 (DWF/AJB), Doc. No. 13) is **GRANTED** as to the remand of Defendant Leland

Housman, M.D., but **DENIED** as to the remand of all remaining Defendants and

**DENIED** as to Brown's Motion for Sanctions.


Dated:  August 30, 2007              s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    Judge of United States District Court

EXHIBIT F

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 05-1708 (DWF/AJB) |
| This Document Relates to: | |
| Donald Alexander, | |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v.          Civil No. 07-1129 (DWF/AJB) | |
| Boston Scientific Corporation, Guidant Subsidiary of Boston Scientific Corporation, and St. Anthony's Medical Center, | |
| Defendants. | |

---

Donald Alexander, 31057 Oak Ridge Drive, Rocky Mount, MO 65072, *pro se.*

Timothy A. Pratt, Esq., Deborah A. Moeller, Esq., and Julie R. Somora, Esq., Shook Hardy & Bacon, LLP, counsel for Defendants Boston Scientific Corporation and Guidant Subsidiary of Boston Scientific Corporation.

Douglas Ponder, Esq., Karen C. Moske, Esq., and V. Scott Williams, Esq., Hazelwood & Weber, LLC, counsel for Defendant St. Anthony's Medical Center.

---

The above-entitled matter is before the Court pursuant to Plaintiff Donald

Alexander's Motion for Remand to St. Louis County Circuit Court and Defendant

St. Anthony's Medical Center's ("St. Anthony's") Motion to Dismiss. For the reasons

stated below, the Court grants Alexander's Motion for Remand as to Defendant

St. Anthony's, but denies the motion as to all remaining Defendants. The Court denies St. Anthony's Motion to Dismiss as moot.

## BACKGROUND

On May 25, 2006, Alexander was implanted with a Model 1291 Guidant pacemaker at St. Anthony's facilities. Alexander alleges that some of St. Anthony's nurses and staff assisted in the implant. Alexander also alleges that St. Anthony's paid for the pacemaker and included the charges for the pacemaker in Alexander's patient billing.

The Model 1291 device that was implanted in Alexander was manufactured in December 2005. Prior to its manufacture, on September 22, 2005, Guidant issued a recall regarding its Model 1291 Guidant pacemakers, among others. The recall was based on two failure modes.

As to the first failure mode, Guidant recommended that physicians "consider the projected low and declining failure rate in addition to the unique needs of individual patients in their medical decisions regarding patient management" and recommended "normal monitoring, as per device labeling." (Aff. of V. Scott Williams in Supp. of Def. St. Anthony's Mot. to Dismiss and Mem. of Law in Opp'n to Pl.'s Mot. for Remand ("Williams Aff.") at Ex. C.) In addition, Guidant stated, "As always, advise patients to seek attention immediately if they experience syncope or lightheadedness." (*Id.*) As to the second failure mode, Guidant recommended the following:

> Guidant recommends verifying pacemaker operation in the packaging prior to the implant procedure. Devices exhibiting intermittent or permanent loss or output or telemetry should not be implanted.

> Physicians should consider both the very low occurrence rate and that no
> failures have been observed after successful confirmation of pacing at
> implant, in addition to the unique needs of individual patients, in their
> medical decisions regarding patient management.

(Williams Aff. at Ex. C.)

Approximately two months later, on December 12, 2005, Guidant issued an

"Advisory Update" that addressed the September 22, 2005 recall letter.  There, Guidant

explained the following:

> In March of 2004, Guidant discontinued shipping from manufacturing
> facilities INSIGNIA and NEXUS devices susceptible to "Failure Mode 1."
>
> Guidant has recently discontinued shipping from manufacturing facilities
> INSIGNIA and NEXUS devices susceptible to "Failure Mode 2."  While
> Guidant recommends normal monitoring for patients implanted with these
> devices, Guidant representatives will retrieve and replace remaining
> hospital inventory with product free from susceptibility to "Mode 2" peri-
> implant failure.
>
> INSIGNIA and NEXUS devices currently being distributed by Guidant are
> not subject to either failure mode and therefore are not included in either
> recall.

(Williams Aff. at Ex. D.)  Although Alexander's Model 1291 device was manufactured

in December 2005, it is unclear whether the device was manufactured and shipped prior

to this December 12, 2005 Advisory Update.

Approximately one month after Alexander's implant surgery, on June 23, 2006,

Guidant issued a separate recall of the Model 1291.  Thereafter, on July 7, 2006,

Alexander received notice from the St. Louis Metro Heart Group that the specific

Guidant pacemaker that was implanted in him had been recalled in connection with

defective product concerns.

3

On July 25, 2006, Alexander filed this case against Defendants Boston Scientific

Corporation ("BSC"), Guidant Subsidiary of Boston Scientific Corporation ("Guidant"),

and St. Anthony's in the Circuit Court of St. Louis County, Missouri. It is undisputed

that Alexander and St. Anthony's are both Missouri residents. Guidant is a citizen of

Indiana and BSC is a citizen of Delaware and Massachusetts.

Alexander alleges that BSC and Guidant are liable for manufacturing and design

defects and for the failure to warn patients of the alleged health risks and/or defects

associated with certain Guidant implantable cardiac medical devices. Alexander alleges

that St. Anthony's committed medical negligence because it knew or had reason to know

that Alexander's Guidant device was potentially defective and because it did not advise

Alexander or put Alexander on notice of these facts prior to implantation.

More specifically, Alexander alleges that:

> [p]rior to the actual implant surgery, both Guidant Corporation's said and
> physically present employee/agent and St. Anthony's Medical Center
> nursing staff or a designated St. Anthony's Medical Center employee/agent
> had the duty to disclose to Plaintiff that the Guidant pacemaker to be
> implanted in Plaintiff's chest is potentially defective and that a recall had
> been issued for Guidant pacemakers, model 1291 in September 2005 and
> that there existed a known manufacturing/assembly defect such that some
> unspecified percentage of Guidant pacemakers, model 1291, are known to
> be dangerously defective.
>
> 4.    Both Guidant Corporation's said employee/agent and
> St. Anthony's Medical Center's staff employees attending to Plaintiff on
> May 25, 2006 breached the duty to disclose to Plaintiff that some
> unspecified percentage of Guidant pacemakers, model 1291, are know[n] to
> be dangerously defective, that several persons have died in connection with
> Guidant pacemakers, and that hundreds of product liability law suits are
> pending against Guidant Corporation.

(Williams Aff., Ex. B at 3-4.)

4

On August 25, 2006, BSC and Guidant removed the case to the United States

District Court for the Eastern District of Missouri, Eastern Division, asserting that

complete diversity exists because Alexander improperly joined St. Anthony's to defeat

diversity jurisdiction. BSC and Guidant then filed a motion to stay all proceedings

pending transfer of Alexander's case to the District of Minnesota as part of MDL

No. 1708. The United States District Court for the Eastern District of Missouri granted

the motion to stay and on February 7, 2007, the case was formally transferred to the

District of Minnesota as part of MDL No. 1708.

On February 20, 2007, Alexander filed a Motion to Remand to St. Louis County

Circuit Court, claiming that St. Anthony's is a proper defendant in the case and therefore

complete diversity is lacking. On March 9, 2007, St. Anthony's filed a Motion to

Dismiss, claiming that Alexander has failed to state a claim against St. Anthony's.

I.    **Motion to Remand**

The party seeking removal and opposing remand bears the burden of establishing

federal subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181,

183 (8th Cir. 1993). Generally, a state court action may only be removed if a federal

district court would have original jurisdiction to hear the case. 28 U.S.C. § 1441(a).[1]

---

[1]    Section 1441(a) provides in pertinent part:

> [A]ny civil action brought in a state court of which the district courts of the
> United States have original jurisdiction, may be removed by the defendant
> or defendants, to the district court of the United States.

28 U.S.C. § 1441(a).

Where the action is based upon diversity jurisdiction, it is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). "In determining whether removal was proper, the removal statute is to be narrowly construed and all doubts about the propriety of federal jurisdiction are to be resolved against removal." *In re Potash Antitrust Litig.*, 866 F. Supp. 406, 410 (D. Minn. 1994). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Alexander essentially argues that BCS and Guidant had no right to remove under 28 U.S.C. § 1441(a) because there is incomplete diversity of citizenship because St. Anthony's is a Missouri resident. Alexander therefore argues that because there is no original jurisdiction, under 28 U.S.C. § 1447(c) the case must be remanded.

Here, because St. Anthony's is a Missouri resident, the action on its face is not removable. Defendants assert, however, that removal was proper because Alexander fraudulently joined St. Anthony's to defeat diversity jurisdiction. Under the doctrine of fraudulent joinder, joinder of a party that is designed solely to deprive federal courts of jurisdiction is deemed fraudulent and does not prevent removal. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). Fraudulent joinder does not require fraudulent intent; rather, fraudulent joinder exists if the plaintiff's claim against an in-state defendant has no chance of success. *Schwenn v. Sears, Roebuck & Co.*, 822 F. Supp. 1453, 1455 (D. Minn. 1993); *see also Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809-10 (8th Cir. 2003) (stating that the Court must "determine whether there is a reasonable basis

6

for predicting that the state's law might impose liability against the defendant"); *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendant."); *Anderson*, 724 F.2d at 84 ("Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant."). The burden is on the defendants to establish that a party has been fraudulently joined. *Schwenn*, 822 F. Supp. at 1455.

Guidant and BSC contend that the Court should find fraudulent joinder because Alexander failed to plead a cause of action against St. Anthony's. St. Anthony's similarly asserts that complete diversity exists because Alexander failed to state a claim against St. Anthony's. Specifically, Defendants assert that Alexander failed to plead any facts showing that St. Anthony's received the September 22, 2005 recall letter, and even if St. Anthony's did receive the letter, the letter did not instruct physicians to cease implantation of Model 1291 devices or ask for their return. In addition, Defendants assert that the December 12, 2005 Advisory Update states that the devices distributed after the recall letter were not subject to the recall, and therefore the device implanted in Alexander, which was manufactured in December 2005, was not subject to a recall on the date it was implanted.[2]

---

[2]    The Court notes that the December 12, 2005 Advisory Update actually states that "Guidant *has recently discontinued* shipping from manufacturing facilities INSIGNIA and NEXUS devices susceptible to 'Failure Mode 2,'" and that "INSIGNIA and NEXUS devices *currently being distributed by Guidant* are not subject to either failure mode and therefore are not included in either recall." (Williams Aff. at Ex. D (emphasis added).)

(Footnote Continued on Next Page)

7

St. Anthony also asserts that it does not owe a duty to patients to report that the manufacturer of certain devices used in its facilities is a party to litigation regarding products that are not being used with that particular patient. And, St. Anthony asserts that because Alexander has not plead any facts demonstrating that anyone at St. Anthony's assumed a duty to inform him of risks associated with his device, contending that Missouri law requires such assumption, Alexander has failed to state a claim against St. Anthony's.[3]

Alexander, on the other hand, asserts that he has a cause of action against St. Anthony's based on his allegations that St. Anthony's knew that model 1291 pacemakers were known to be dangerously defective by May 25, 2006, and knew that Guidant had recalled model 1291 pacemakers eleven months prior to his implantation yet continued to market the units. Alexander asserts that despite this knowledge, St. Anthony's—acting through its employees/agents—selected a model 1291 Guidant pacemaker to be implanted into Alexander. Alexander alleges that, prior to his implantation, St. Anthony's concealed all of this information from him.

---

(Footnote Continued From Previous Page)
This does not necessarily indicate that the devices distributed after the September 22, 2005 letter were not subject to the recall, as the Advisory Update does not give specific dates as to when those specific devices were discontinued and as to when distribution stopped.

[3]     BSC and Guidant also assert that to the extent Alexander's claim against St. Anthony's was a strict liability claim, the claim is foreclosed under Missouri law. Because Alexander concedes that his claim is not a strict liability claim, the Court does not address the issue here.

Alexander asserts that his allegations are supported by the fact that Guidant issued

a recall regarding the model 1291 pacemakers on September 22, 2005, Guidant issued a

separate recall regarding the model 1291 pacemakers within thirty days of his

implantation, and as of the date of his implantation, hundreds of product liability lawsuits

involving Guidant pacemakers were pending in state and federal courts. In addition,

Alexander asserts that because "[St. Anthony's] is in the business of implanting

pacemakers and defibrillators and routinely does business with manufacturers and

distributors of implantable cardiac devices," St. Anthony's "would certainly know the

quality history and dependability rating of manufacturers selected by [St. Anthony's] to

supply pacemakers for implantation by [St. Anthony's]." (Pl.'s Resp. in Opp'n to Def.

St. Anthony's Medical Center's Mot. to Dismiss and to Def.'s Opp'n to Pl.'s Mot. to

Remand to St. Louis County Circuit Court at 2.)

The Court acknowledges that Alexander is proceeding *pro se*. *Pro se* pleadings

are liberally construed and are held to less stringent standards than formal pleadings

drafted by lawyers. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also*

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520

(1972) (per curiam) (stating *pro se* complaints are held to less stringent standards than

formal pleadings drafted by lawyers). Although BSC and Guidant contend that

St. Anthony's failure to warn claims are without factual basis because it was "factually

impossible" for St. Anthony's to have disclosed to Alexander that his device was

potentially defective, the Court finds that, at this juncture, fact issues preclude the Court

from finding that there is no basis for liability.

"[C]ontested issues of fact should be resolved in favor of the plaintiff." *Schwenn*,
822 F. Supp. at 1455. Alexander alleges in his Complaint, among other things, that "the
medical center does business with Guidant Corporation on a regular basis and routinely
invites Guidant Corporation employees/agents into its operating rooms during the
implanting of Guidant pacemakers for programming purposes." (Williams Aff., Ex. B at
4-5.) At a minimum, Alexander has raised an issue as to whether St. Anthony's knew or
had reason to know that Alexander's device was recalled and/or potentially defective in
light of the publicity Guidant had received prior to Alexander's implantation regarding
potentially defective devices.

"Joinder is fraudulent only where there is no reasonable basis in fact or colorable
ground supporting the claim against the resident defendant, or where the plaintiff has no
real intention of prosecuting the action against the resident defendant." *Schwenn*, 822
F. Supp. at 1455. Here, Alexander's pleadings do allege facts, which if true, have a
chance of success. At a minimum, in light of the liberal pleading requirements, the Court
cannot conclude that no valid claims are brought against St. Anthony's as a matter of
well-settled law. In addition, there is no evidence that St. Anthony's was singled out to
avoid federal diversity jurisdiction rather than to obtain full relief. Accordingly,
Alexander's joinder of St. Anthony's cannot be deemed fraudulent. Therefore, the Court
concludes that because St. Anthony's was joined as a defendant, it lacks subject matter
jurisdiction over this action as it currently stands.

**Sever and Remand**

To the extent the Court does find that St. Anthony's was not fraudulently joined, which the Court does find, BSC and Guidant alternatively request the Court to sever and remand Alexander's claims against St. Anthony's to state court and retain jurisdiction over Alexander's claims against BSC and Guidant. Specifically, BSC and Guidant assert that Alexander had fraudulently misjoined St. Anthony as a party, and therefore the claims against St. Anthony should be severed from the claims asserted against BSC and Guidant. BSC and Guidant contend that the claims arising out of St. Anthony's treatment do not arise out of the same transaction or occurrence as the claims against BSC and Guidant because the claims against St. Anthony's are based on medical negligence while the claims against BSC and Guidant are based on product liability. Alexander contends that his claims against St. Anthony's are not negated simply because his claims against BSC and Guidant are based on product liability. Alexander asserts that the Defendants' actions/inactions do arise out of the same transaction or occurrence.

The Federal Rules of Civil Procedure allow for permissive joinder of defendants as follows:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

11

Fed. R. Civ. P. 20(b).[4]  If defendants have been misjoined for the failure to satisfy the

conditions for permissive joinder under Rule 20(b), the Rules allow for severance of

those defendants:

> Misjoinder of parties is not ground for dismissal of an action.  Parties may
> be dropped or added by order of the court on motion of any party or of its
> own initiative at any stage of the action and on such terms as are just.  Any
> claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21.

Upon review of the applicable rules and the pleadings of the parties, the Court

finds that St. Anthony's has been improperly joined in this case.  The joinder of the

malpractice claim against St. Anthony's with the other product liability claims was

inappropriate because the claims do not both involve common questions of law or fact

and assert joint, several, or alternative liability "arising out of the same transaction,

occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(b).  Any liability

that may be found against either BSC/Guidant or St. Anthony's would not be a basis for

liability as to the other.  However, separate liability as to each could be separately found.

This finding is consistent with how joinder has been interpreted in Missouri.  The

Missouri Supreme Court, for example, has rejected the propriety of joining defendants

involved in successive accidents.  *State ex rel. Jinkerson v. Koehr*, 826 S.W.2d 346, 348

(Mo. 1992) (en banc).  There, the plaintiffs alleged they were seriously injured as a result

of the successive negligent acts or omissions of the defendants "in combination" and that

---

[4]    The Missouri rule on permissive joinder is nearly identical to the federal rule and
is identical in all relevant parts here.  *See* Mo. R. Civ. P. 52.05.

12

the two accidents "were not separate and distinct but inseparable and indistinguishable thereby creating common liability among all of the named defendants." *Id.* at 346, 348. The supreme court held that joinder was not permitted under Mo. R. Civ. P. 52.05(a) because the cause of action arising out of the two accidents did not arise out the same transaction or occurrence. Instead, "[e]ach defendant [was] responsible for the injuries caused in the accident in which he or she was involved." *Id.* at 348. In light of *Jinkerson*, the Court finds that it likely that the state court would find that Alexander did not have a reasonable basis for joining St. Anthony's under state procedural law and that Alexander should sue St. Anthony's under a separate state action.

Although some courts faced with fraudulent misjoinder claims have required both a finding of misjoinder and a finding of a bad faith attempt to defeat diversity, other courts have refused to apply the "egregious" standard when considering misjoinder in the context of remand petitions. *See In re: Baycol Products Litig.*, MDL No. 1431 (MJD), Case. No. 03-2931, 2003 WL 22341303, at *3 (D. Minn. 2003) (citing cases). The Eighth Circuit Court of Appeals has not addressed the issue.

Here, as the court in *Greene v. Wyeth* found, the Court "rejects the notion that Plaintiff[] ha[s] committed an egregious act or fraud upon the Court." 344 F. Supp. 2d 674, 685 (D. Nev. 2004). "[U]nder our dual court system[, if] a potential plaintiff has a choice between a state forum and a federal forum, it is his privilege to exercise that choice subject to legal limitations, and if he can avoid the federal forum by the device of *properly* joining a non[-]diverse defendant or a non[-]diverse co-plaintiff, he is free to do so." *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)

13

(emphasis added). However, where a non-diverse party, such as St. Anthony's here, cannot be properly joined under the Federal Rules of Civil Procedure, other interests, such as the Defendants' statutory right of removal, prevail over that of permitting a plaintiff's choice of forum. *See Greene*, 344 F. Supp. 2d. at 685. Because the misjoinder of St. Anthony's would destroy complete diversity, and because the basis for the causes of action against St. Anthony's do not arise from the same transaction and occurrences as those in the causes of action against the other Defendants, the Court will sever the action against St. Anthony's so as to preserve BSC and Guidant's right to removal in the remaining action and to preserve the interests of judicial expediency and justice.

**II.     Motion to Dismiss**

Because the Court concludes that the action against St. Anthony's shall be severed and remanded from the lawsuit, the Court denies St. Anthony's Motion to Dismiss as moot.

**IT IS HEREBY ORDERED** that:

1.     Plaintiff Alexander's Motion for Remand to St. Louis County Circuit Court (MDL No. 05-1708 (DWF/AJB), Doc. No. 1258; Civil No. 07-1129 (DWF/AJB), Doc. No. 3) is **GRANTED** as to Defendant St. Anthony's Medical Center but **DENIED** as to all remaining Defendants. The Court Orders that all claims against Defendant St. Anthony's Medical Center are **SEVERED** and **REMANDED** to St. Louis County Circuit Court.

14

2.     Defendant St. Anthony's Motion to Dismiss (MDL No. 05-1708 (DWF/AJB), Doc. No. 1308; Civil No. 07-1129 (DWF/AJB), Doc. No. 9) is **DENIED AS MOOT WITHOUT PREJUDICE.**

Dated:  June 4, 2007                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        Judge of United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

SONIA URRIOLA,

                    Plaintiff,

          -against-

GUIDANT CORPORATION, GUIDANT SALES
CORPORATION, BOSTON SCIENTIFIC CORPORATION,
MICHAEL LIOU, M.D., BETH ISRAEL MEDICAL
CENTER AND BETH ISRAEL MEDICAL CENTER
PHILIPS AMBULATORY CARE CENTER,

                    Defendants.

-------------------------------------------------------------------------X

07-cv-10591 (RJH)(DFE)

**AFFIDAVIT OF SERVICE**

STATE OF NEW JERSEY  )
                      ) ss.:
COUNTY OF ESSEX     )

      PRISCILLA PATTERSON, being duly sworn, deposes and says:

      1.     I am a legal secretary at the Firm of McCarter & English, LLP, attorneys for

defendants Guidant Corporation, Guidant Sales Corporation and Boston Scientific Corporation

in the above-captioned case. McCarter & English, LLP has been retained to defend this matter,

and I am familiar with the facts as stated herein.

      2.     On this day, the following documents to be electronically filed:

          (a)     Notice of Motion to Stay;

          (b)     Memorandum in Support of Motion to Stay; and

          (c)     Certification of Kimberly S. Penner, Esq. and related exhibits.

      3.     Further, on this day, I caused to be served, via overnight mail, two copies of the

aforementioned documents upon counsel for the plaintiff and co-defendant:

ME1 6951069v.1

Andrea E. Bonina, Esq.
Bonina & Bonina, P.C.
16 Court Street, Suite 1800
Brooklyn, New York 11241

Aaronson Rappaport Feinstein & Deutsch, LLP
757 3rd Avenue
New York, New York 10017

I hereby certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements made by me are willfully false, I may be subject to punishment.

Priscilla Patterson

Sworn and subscribed to before me
this 3rd day of December, 2007.

Notary Public

DEBRA L. MARTINEZ
NOTARY PUBLIC
STATE OF NEW JERSEY
Commission Expires

- 2 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

SONIA URRIOLA,
                Plaintiff,

                                    07-cv-10591 (RJH)(DFE)

      -against-


GUIDANT CORPORATION, GUIDANT SALES         **ORDER**
CORPORATION, BOSTON SCIENTIFIC CORPORATION,
MICHAEL LIOU, M.D., BETH ISRAEL MEDICAL
CENTER AND BETH ISRAEL MEDICAL CENTER
PHILIPS AMBULATORY CARE CENTER,

                    Defendants.

-------------------------------------------------------------------------X

      IT IS HEREBY ORDERED that the time for Defendants Guidant Corporation, Guidant

Sales Corporation and Boston Scientific Corporation (the "Guidant Defendants") to answer or

otherwise respond to the Complaint in this action, any ruling on jurisdictional issues such as

might be raised in a Motion to Remand, any discovery or pretrial deadlines and for parties to

participate in pretrial proceedings pursuant to Fed. R. Civ. P. 26, will be stayed and will be set by

the MDL transferee district court in the District of Minnesota that is managing the multidistrict

litigation entitled *In Re Guidant Corp. Implantable Defibrillator Products Liability Litigation,*

and assigned MDL Number 1708.


Dated: December ___, 2007



_____
U.S.D.J. Richard J. Holwell



ME1 6952760v.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SONIA URRIOLA,
                 Plaintiff,

      -against-

GUIDANT CORPORATION, GUIDANT SALES
CORPORATION, BOSTON SCIENTIFIC CORPORATION,
MICHAEL LIOU, M.D., BETH ISRAEL MEDICAL
CENTER AND BETH ISRAEL MEDICAL CENTER
PHILIPS AMBULATORY CARE CENTER

                 Defendants,

-------------------------------------------------------------X

07-cv-10591 (RJH)(DFE)

**MEMORANDUM IN
SUPPORT OF MOTION
TO STAY**

## DEFENDANTS GUIDANT CORPORATION, GUIDANT SALES CORPORATION, AND BOSTON SCIENTIFIC CORPORATION'S MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER TO MDL 1708 AND MEMORANDUM OF LAW IN SUPPORT

Defendants Guidant Corporation ("Guidant"), Guidant Sales Corporation ("GSC"), and Boston Scientific Corporation ("Boston Scientific")(collectively "Guidant Defendants") hereby move the Court pursuant to Rule 6(b) of the Federal Rules of Civil Procedure for an Order staying all proceedings, including, but not limited to, (i) the time period for the Guidant Defendants to respond to Plaintiff's Complaint, (ii) a ruling on any jurisdictional issues such as those that may be raised in any Motion to Remand, (iii) the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and (iv) other discovery and pretrial deadlines, pending the Judicial Panel on Multidistrict Litigation's ("JPML") decision regarding transfer of Plaintiff's claims to MDL 1708. In support thereof, the Guidant Defendants state:

       1.      Plaintiff's claims arise out of the implantation of a cardiac medical device allegedly manufactured, marketed, and sold by the Guidant Defendants.

2.      On November 26, 2007, the Guidant Defendants removed this action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 on the grounds that Plaintiff improperly joined her medical malpractice claims against Defendants Michael Liou, M.D.; Beth Israel Medical Center; and Beth Israel Medical Center Philips Ambulatory Care Center (collectively "Healthcare Defendants") with its product liability claims against the Guidant Defendants.

3.      On November 7, 2005, the JPML created an MDL Court entitled *In Re Guidant Corp. Implantable Defibrillators Products Liability Litigation,* MDL Docket No. 1708 (D. Minn.)(Transfer Order, attached as Exhibit A), for coordinated and consolidated pretrial proceedings in these cases.    Among the purposes for such consolidation is to "eliminate duplicative discovery, prevent inconsistent pretrial rulings...and conserve the resources of the parties, their counsel and the judiciary." *Id.* Shortly after MDL 1708 was created, the JPML began transferring cases involving these allegedly defective cardiac devices to the United States District Court for the District of Minnesota for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.    Since the MDL Court was established, more than 2000 cases involving cardiac medical devices allegedly manufactured by the Guidant Defendants have been filed in federal courts or removed to federal courts throughout the country.    More than 1970 of those cases have been transferred or ordered to be transferred to the MDL Court.

4.      As set forth in the accompanying Memorandum of Law, proceedings involving claims such as those presented in this case are routinely stayed pending transfer to the MDL Court.

5.      The Guidant Defendants will promptly notify the JPML that this case is appropriate for transfer and expect that the JPML will issue a Conditional Transfer Order shortly.

ME1 6952997v.2

6.    A stay of all proceedings in this Court pending transfer is appropriate because such relief will promote judicial economy and consistency. Transfer of this case will permit the MDL Court to decide the many issues, including jurisdictional issues, that have arisen or are likely to arise in the many cases pending against the Guidant Defendants throughout the country.

WHEREFORE, the Guidant Defendants respectfully request that this Court enter an order staying all proceedings in this Court, including, but not limited to, (i) the time period for the Guidant Defendants to respond to Plaintiff's Complaint (ii) a ruling on any jurisdictional issues such as those that may be raised in any Motion to Remand, (iii) the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and (iv) other discovery and pretrial deadlines pending the JPML's decision regarding transfer of Plaintiff's claims to the MDL Court.

## MEMORANDUM IN SUPPORT

### I.    INTRODUCTION

This is one of more than 2000 cases against one or more of the Guidant Defendants pending in federal courts throughout the country alleging defects in highly-complex implantable cardiac medical devices. On November 7, 2005, the JPML created an MDL Court for coordinated and consolidated pretrial proceedings in these cases entitled *In re Guidant Corporation Implantable Defibrillators,* MDL Docket No. 1708 (D. Minn.)(Transfer Order)(attached as Exhibit A). Among the purposes of consolidation was to "eliminate duplicative discovery, prevent inconsistent pretrial rulings….and conserve the resources of the parties, their counsel and the judiciary." *Id.* Presently, more than 1970 cases have been filed in or officially transferred to the MDL Court and many more cases will be subject to upcoming Conditional Transfer Orders ("CTOs"). The Guidant Defendants will promptly notify the JPML that that this case is appropriate for transfer, and anticipate that the JPML will issue a CTO shortly. Once this case is transferred to the MDL Court, all pretrial issues will be governed by

- 3 -

scheduling orders entered by the Honorable Donovan W. Frank, who presides over MDL 1708, and those orders will supersede any rules or orders governing the case at the time of transfer. Accordingly, to promote uniformity and judicial economy, the Guidant Defendants respectfully request that all proceedings in this action be stayed pending the JPML's decision on transfer.

## II.    ARGUMENT

A court has broad discretion to grant a motion to stay pretrial proceedings pending transfer to another court. *See Portnoy v. Zenith Labs,* No. 86-3512, 1987 WL 10236, at *1 (D.D.C. April 21, 1987); *see also Clinton v. Jones*, 520 U.S. 681, 706-707 (1997). Moreover, federal courts possess the inherent power to control their dockets by staying proceedings. *See id.* Such stays are particularly valuable in promoting the purposes of the JPML, which is designed to promote judicial efficiency and consistency. *See* 28 U.S.C. § 1407(a). This Court's authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 229 U.S. 248, 254 (1936).

The authority to stay pretrial proceedings includes authority to stay consideration of jurisdictional matters pending transfer to an MDL. *See Tench v. Jackson Nat'l Life Ins. Co.,* No. 99-C-5182, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999) (ordering a stay of proceedings pending transfer to an MDL Court when a motion to remand was pending). Indeed, on February 20, 2004, the chairman of the JPML advised district courts throughout the country that they should defer ruling on jurisdictional issues when "the motion raises issues likely to arise in other actions in the transferee court." (*See* February 20, 2004, Letter from Honorable Terrell Hodges to United States District Court Judges, attached as Exhibit B). *See also Jackson v. Johnson & Johnson, Inc.,* No. 01-2113, 2001 WL 34048067, at *6 (W.D. Tenn. April 3, 2001)(the "general rule is for federal

- 4 -

courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has

transferred the case."). Consolidating motions to remand in an MDL Court allows for uniformity

and judicial economy in determining jurisdictional issues. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir.

1990) ("Once transferred, the jurisdictional objections can be heard and resolved by a single

court and reviewed at the appellate level in due course. Consistency as well as economy is thus

served."); *Falgoust v. Microsoft Corp.*, No. 00-0779, 2000 WL 462919, at *1 (E.D. La. April 19,

2000) (transferee court should decide remand motion because of the replication of factual and

legal issues in several actions brought against same defendant); *Aikins v. Microsoft Corp.*, No.

00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (same).

Indeed, district courts throughout the United States have consistently stayed all

proceedings, including rulings on unresolved jurisdictional issues, in actions allegedly involving

these cardiac medical devices pending transfer to the MDL Court, including the identical

jurisdictional issue presented here. *See, e.g., D'Amico v. Guidant Sales Corp., et al.*, 2007 WL

3003181 (D.R.I. Oct. 11, 2007) (Smith, J.) (staying case with identical jurisdictional issues and

motion to remand pending MDL transfer); *Alexander v. Boston Scientific Corp., et al.*, No. 06-

01289 (E.D. Mo. September 13, 2006) (Autrey, J.) (same) (attached as Composite Exhibit C).

*See also Sims v. Guidant, et al.*, No. 06-0644 (S.D. Ala. Nov. 2, 2006)(order granting stay, Hand,

J.); *Gaydos v. Guidant, et al.*, No. 05-1683 (M.D. Fla. Dec. 8, 2005) (order granting stay,

Presnell, J.); *Cabrera v. Guidant, et al.*, No. 06-593 (M.D. Fla. July 28, 2006)(order granting

stay, Presnell, J.); *Curcio v. Guidant Corp., et al.*, No. 05-61899 (S.D. Fla. Jan. 26, 2006)(order

granting stay, Dimitrouleas, J.); *Wood v. Guidant, et al.*, No. 06-0733 (D.N.M. Nov. 16,

2006)(order granting stay, Lynch, J.); *Oakes v. Guidant, et al.*, No. 06-0732 (D.N.M. Sept. 25,

2006)(order granting stay, Scott, J.); *DePaul v. Guidant, et al.*, No. 06-1806 (S.D. Tex. June 28,

2006)(order granting stay, Werlein, J.); *Hardin v. Guidant Corp., et al.,* No. 05-430 (S.D. Tex. Feb. 1, 2006); and *Caldwell v. Guidant Corp., et al.,* No. 05-1144 (W.D. Tex. Jan. 18, 2006) (attached as Composite Exhibit D).

Specifically, in *D'Amico*, the plaintiff filed a complaint in Rhode Island state court asserting product liability claims against Guidant and medical malpractice claims against the plaintiff's implanting physician. *D'Amico,* at *1. Guidant removed the case to the United States District Court for the District of Rhode Island on the basis that the medical malpractice claims asserted against the non-diverse healthcare defendants were improperly joined with the product liability claims against diverse defendant Guidant. *Id.* Guidant subsequently filed a motion to stay all proceedings, including a ruling on any jurisdictional issues, pending transfer to the MDL Court. *Id.* Plaintiff filed an opposition to the Motion to Stay and a Motion to Remand. In granting Guidant's Motion to Stay and deferring a ruling on Plaintiff's Motion to Remand to the MDL Court, the Court stated:

> Guidant has provided to this court ample evidence that the issues raised in Plaintiff's Motion to Remand are not unique to D'Amico. Rather, Guidant has provided examples of other district courts in this and other MDL matters that have declined to addresses similar jurisdictional issues and have instead granted stay pending transfer to the MDL Court. This Court views such evidence as both precedential and informative, indicating that the issue is likely to arise in further actions. For these reasons, this Court will defer to the guiding principals behind this MDL - namely consistency and judicial efficiency - and to grant Guidant's motion to stay pending transfer to MDL 1708.

*Id.* at *2. The same rationale applies in this case where there are identical jurisdictional issues.

In addition to having this identical jurisdictional issue currently pending before it, the MDL Court also recently ruled on this jurisdictional issue in at least two separate cases. *See Brown v. Guidant Corp., et al.,* MDL No. 1708 (D. Minn. August 30, 2007)(Frank, J.)(Order

- 6 -

denying Plaintiff's motion to remand and severing medical negligence claims)(attached as Exhibit E); *Alexander v. Guidant Corp., et al.,* MDL No. 1708 (D. Minn. June 4, 2007)(Frank, J.)(same)(attached as Exhibit F).   The purposes of the JPML would thus be promoted if this case were stayed pending transfer to MDL 1708.

Courts consider several factors when determining whether a stay of proceedings is appropriate, including judicial economy and efficiency, the risk of "inconsistent pretrial rulings" and duplicative discovery and motion practice. *Johnson v. AMR Corp.,* Nos. 95-C-7659 – 95-C-7664, 1996 WL 164415, at *3 (N.D. Ill. Apr. 3, 1996) (granting stay and preserving decision on remand motion for MDL transferee court); *see also Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360-1362 (C.D. Cal. 1997) (granting stay where remand motion was pending and an MDL Court had not yet been selected in order to conserve judicial resources).   This analysis is often accompanied by a balancing of the relative hardships to each party in the event a stay is granted or denied.   *See Meyers v. Bayer AG,* 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001) (where defendant faced the same or similar issues on remand in eight other cases, stay was granted because gains in judicial economy outweighed the burden of delay); *American Seafood, Inc. v. Magnolia Processing, Inc.,* Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *1, 2 (E.D. Pa. May 7, 1992); *Tench,* 1999 WL 1044923, at *2.("Duplicative motion practice and discovery heavily outweigh the possible prejudice the short time period that the proceedings stayed will cause the plaintiffs.").   In this case, these factors all weigh heavily in favor of a stay.

### A. Stay Will Conserve the Resources of the Court and Litigants

The MDL Court has already established effective pretrial and discovery procedures tailored to address the specific issues arising in this litigation.   In fact, to date more than fourteen (14) million pages of documents have been produced in the MDL Court.   Proceedings that

duplicate or are contrary to those MDL Orders will serve only to cause confusion and waste the time and resources of the federal court system and the litigants. By contrast, a stay of proceedings in this Court pending transfer to the MDL Court will avoid these issues.

### B. Stay Will Promote Consistency in Pretrial Rulings

Courts routinely grant stays pending transfer to an MDL in order to provide greater consistency in pretrial rulings. *See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 48 F. Supp. 2d 37, 43 (D.D.C. 1999) (stay granted in order to "eliminate the potential for conflicting pretrial rulings" and to further judicial economy); This includes rulings on jurisdictional issues. *See Nekritz v. Canary Capital Partners,* No. 03-5081, 2004 WL 1462035, at *2 (D.N.J., Jan. 12, 2004)(staying case with remand motion pending MDL transfer because "an immediate stay will permit the most efficient possible use of the courts' and the parties' resources, and will eliminate the danger that a decision on this remand motion might be inconsistent with decisions by other courts on similar questions"); *Johnson,* 1996 WL 164415, at *4 (noting that the MDL has the advantage of "looking at the forest as well as the trees" and finding that upon transfer "it is far better for the . . .[MDL judge] to resolve the jurisdictional question").

The volume of cases alleging similar claims in numerous different jurisdictions makes consistency of pretrial rulings of paramount importance. Consistency is best achieved by granting a stay pending transfer to the MDL, where all pretrial issues can be decided by one court in a uniform manner. In this case, the MDL Court has extensive knowledge of this complex litigation and the potential issues raised in Plaintiff's Complaint. In addition, the propriety of joining product liability claims with unrelated medical negligence claims is an issue that has been raised in cases currently pending in the MDL Court.

### C.    The Benefits of a Stay Outweigh Any Harm

A court may weigh the relative benefits and harms to litigants in deciding whether to grant a stay. *See Portnoy*, 1987 WL 10236, at *1 (D.D.C. April 21, 1987) (in deciding if justice would be furthered by a stay of proceedings, court examined the harm to plaintiff and found that any delay that would result was minimal); *Republic of Venezuela v. Philip Morris Co.*, 1999 WL 339211677 (S.D. Fla., April 28, 1999)(staying case until decision by JPML regarding MDL transfer despite Plaintiffs' pending motion to remand because Plaintiffs would not be prejudiced).

In contrast to the significant burdens imposed on the defendants by exposing them to potentially duplicative and inconsistent pretrial rulings and discovery, the harm, if any, to the plaintiff from a brief stay, would be minimal. *See Rosenfeld v. Hartford Ins. Co.*,  Nos. 88 CIV. 2153 (MJL), 88 CIV. 2252 (MJL), 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) ("[w]hile they may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost"); *Falgoust,* 2000 WL 462919, at *2 (granting stay where moving party demonstrated harm would result if stay was withheld while non-movant failed to show she would be significantly prejudiced). As noted above, transfer is likely to occur promptly.  Any delay in the litigation of this case will therefore be minimal.

## III.    CONCLUSION

Because the MDL Court is familiar with the issues presented in Plaintiff's Complaint and has identical issues currently pending before it, a stay pending transfer to the MDL Court is appropriate.  Thus, to promote the purposes of the JPML in general and of MDL No.1708 in particular, this case should be stayed pending transfer to the MDL Court.

- 9 -

Based on the foregoing, the Guidant Defendants respectfully request that this Court stay all proceedings in this case, including, but not limited to, (i) the time period for the Guidant Defendants to respond to Plaintiff's Complaint, (ii) a ruling on any jurisdictional issues such as those that may be raised in any Motion to Remand, (iii) the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and (iv) other discovery and pretrial deadlines, pending the Judicial Panel on Multidistrict Litigation's ("JPML") decision regarding transfer of Plaintiff's claims to MDL 1708.

ME1 6952997v.2

Dated:  December 3, 2007

Respectfully submitted,

By:  _Kimberly Penner_
Kimberly S. Penner (KP 1763)
kpenner@mccarter.com
**McCARTER & ENGLISH, LLP**
245 Park Avenue, 27th Floor
New York, New York 10167-0001
212-609-6800

and

**SHOOK, HARDY & BACON, L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
816-474-6550

Attorneys for Defendants
Guidant Corporation,
Guidant Sales Corporation and
Boston Scientific Corporation